State v. Buton.

No. 27,863.

THE STATE OF KANSAS, *Appellee,* v. CARTER BUTON, *Appellant.*

(260 Pac. 634.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*New Trial—Recantation of Testimony. by Witness.* The recantation of his testimony, by a witness for the prosecution in a criminal case, does not necessarily entitle defendant to a new trial. Whether it does so or not depends on all the facts and circumstances disclosed by the evidence in the case, including that offered on the motion for a new trial.

2. SAME—*New Trial—Recantation—Circumstance Indicating False Swearing.* When a witness for the prosecution recants his testimony, and a consideration of all the facts and circumstances of the case lead to the conclusion that the recantation is false, the new trial should be refused.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed November 5, 1927. Affirmed.

*J. F. Sanford, Thomas E. Wagstaff* and *Jay W. Scovel,* all of Independence, for the appellant.

*William A. Smith,* attorney-general, *C. W. Mitchell,* county attorney, and *John M. Cook,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Appellant was convicted of the violation of R. S. 21-2101. His sole complaint is that the court refused to grant a new trial. One Cecil Comstock was one of the material witnesses for the state at the trial, but he was not the only witness on any material point. In support of defendant's motion for a new trial, Comstock made an affidavit that the testimony he had given against defendant at the trial was false, explaining in detail how it came about that he had given the false testimony. These details were controverted by affidavits. In this situation appellant contends that it is the function of the jury to weigh the testimony, and that there was nothing for the court to do but to grant a new trial. This contention cannot be sustained. The court, not the jury, passes on the motion for a new trial, and any evidence offered in support of it. Obviously, a court is not compelled to give credence to false testimony offered in support of a motion for a new trial. One who re-

Criminal Law, 16 C. J. p. 1189 n. 66, n. 69. New Trial, 50 L. R. A. n. s. 291; 33 A. L. R. 550; 20 R. C. L. 299.

cants his sworn testimony in court necessarily raises a serious question as to his own veracity. In 16 C. J. 1188, the rule is thus stated:

"But recantation by witnesses called on behalf of the prosecution does not necessarily entitle defendant to a new trial. The question whether a new trial shall be granted on this ground depends on all the circumstances of the case, including the testimony of the witnesses submitted on the motion for the new trial. Moreover, recanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true. Especially is this true where the recantation involves a confession of perjury."

To the same effect is 20 R. C. L. 299.

Appellant cites and relies on *State v. Keleher*, 74 Kan. 631, 87 Pac. 738, and *State v. Mounkes*, 91 Kan. 653, 138 Pac. 410, but neither of these cases, fairly considered, sustains his contention. In the Mounkes case no witness recanted his testimony, but on the hearing of the motion for a new trial it was established, with no room for reasonable doubt, that material evidence on behalf of the prosecution was false, and a new trial was ordered, for the simple reason that a trial court should never approve a verdict induced by false testimony. In the Keleher case a material witness for the prosecution recanted his testimony, and under such circumstances that there was good reason to believe that the statements made in the recantation were true and that the testimony previously given was false. Under such circumstances a new trial was properly ordered. Here the situation is just the reverse; all the facts and circumstances of the case, the evidence on the trial and in the affidavits presented by the prosecution on the hearing of the motion for a new trial, quite clearly demonstrated that the statements in the recanting affidavit of Comstock were false, and that his testimony given at the trial was true. In this situation is was the duty of the court to refuse a new trial.

The judgment of the court below is affirmed.