NUSSER, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 11—March 6, 1928.*

*Intoxicating liquor: Soft-drink license procured in name of another: Search of premises without warrant: New trial: Where witness admits perjury.*

1. Where defendant had a license procured for a soft-drink parlor in the name of an employee and continued the business under the same license after the ostensible licensee had left his employment, a search of the premises by the sheriff for intoxicating liquor without a warrant was legal and did not violate the defendant's constitutional right to immunity from unreasonable search, since defendant, in procuring a license through another, invited the officers to make the search. p. 377.

2. In such circumstances defendant was properly convicted of operating a soft-drink parlor without a license, but such conviction did not prove that a subsequent search of the premises without a warrant was illegal, a licensed soft-drink parlor being subject to search without a warrant. p. 377.

3. A motion for a new trial on the ground that a deputy sheriff, who testified for the state, thereafter made affidavit that his testimony was perjured, was addressed to the discretion of the trial court, and the denial of the motion was not an abuse of discretion. p. 378.

ERROR to review a judgment of the municipal court of Winnebago county: A. H. Goss, Judge. *Affirmed.*

The plaintiff in error, hereafter referred to as the defendant, was convicted and sentenced on three counts: sale of prohibited liquor; destruction of evidence; and illegal possession of liquor.

He assigns as errors: the admission by the court of evidence procured by illegal search and seizure, and the denial by the court of defendant's motion for a new trial.

For the plaintiff in error there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

For the defendant in error there was a brief by *Frank B. Keefe,* district attorney of Winnebago county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

CROWNHART, J.  The defendant claims that his premises were unlawfully searched and his liquors unlawfully seized, and for this reason the liquor seized was improperly received in evidence.  The constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ."

This provision of the Bill of Rights is to be faithfully observed by the officers of the law.  No violation of the provision is to be tolerated.  *Allen v. State,* 183 Wis. 323, 197 N. W. 808.  But a question of fact may be presented to the court as to what constitutes an unreasonable search and seizure.  Here we find the defendant inducing one Voss to apply for and secure a license in Voss' name to operate a soft-drink parlor on defendant's premises at No. 18 Main street, Oshkosh.  Defendant gave Voss the money to procure the license; he bought the goods for sale on the licensed premises; he took the proceeds of the sales, but hired Voss as a clerk or bartender, and paid him a weekly wage.  It is claimed, and it may be conceded, that

there was an understanding that if Voss should like the business he might buy it from defendant.· Nevertheless, defendant was the owner and operator of the place, under color of the license issued to Voss.    He knew that Voss had the license in his name.   Voss stayed with defendant from July 2d to August 11th, and then left.    Defendant continued the business as before under .a pretended right as licensee.    The sheriff was thereby misled into believing that said place was operated as a duly. licensed soft-drink parlor, and quite properly searched the place to see if the law was being violated.    The sheriff found defendant had made a sale to the deputy sheriff ; then when the search commenced defendant destroyed some evidence of illegal possession, but the officers procured enough proof of illegal possession to sustain the conviction, if the search was reasonable.    We think the search was entirely reasonable under the circumstances.    The defendant's conduct was such as to amount to an invitation to the officers to make the search. He knew when he procured the license through Voss that he was subjecting the place to lawful search without a warrant.   *Finsky v. State,* 176 Wis. 481, 187 N. W. 201. He cannot now be heard to complain that the officers acted upon the evidence he had publicly displayed to them, that his place was a licensed soft-drink parlor.    Indeed, the *place* was licensed.   It was the *place,* not the *person,* of defendant that was searched.    Defendant was found therein in the illegal possession of liquor, illegally selling the same, and destroying the same to prevent its capture by the officers.

Again, it is said defendant was convicted of operating a soft-drink parlor on his premises June 7, 1927, without a license.    If so, that was proper enough after it was found that he possessed no license in fact, but was using the Voss license to camouflage his operations.

We see no error in the trial, nor was there any error in

failing to grant a new trial on the ground that the deputy sheriff, who gave testimony against the defendant on the trial, thereafter made affidavit that such testimony was perjured. The motion was addressed to the discretion of the court, and we cannot say the court abused its discretion in denying the motion.

*By the Court.*—The judgment and sentence of the municipal court are affirmed.