EUGENIA VINING, a minor, by her next friend and mother, EFFIE VINING, v. AMERICAN BAKERIES Co., *et al.*

163 So. 396.
Opinion Filed September 28, 1935.

*E. F. P. Brigham,* of Miami, and *William K. Whitfield,* of Tallahassee, for Plaintiff in Error;

*Kurtz & Reed* and *Marion E. Sibley,* all of Miami, for Defendant in Error.

DAVIS. J.—By an extraordinary motion in the nature of an application for a writ of error *coram nobis* the unsuc-

cessful defendant in error in the case of Vining v. American Bakeries Co., 118 Fla. 572, 159 Sou. Rep. 670, seeks to set aside our previous decision in that case, by recall of the mandate and by a vacation of our judgment therein, to the end that the trial court may now be granted permission at this late hour to examine into the merits of an extraordinary motion for a new trial that has been filed by the American Bakeries Company in the court below attacking the successful plaintiff's judgment therein on the ground that certain of plaintiff's witnesses at the trial are alleged to have since confessed or admitted that at the trial of the case in the Circuit Court they committed perjury in plaintiff's behalf. The real plaintiff, being a child of tender years, was represented by her father as next friend in this litigation when it was decided, but, as appears by the record in the case, he has since committed suicide.

The history of this case prior to this time may be chronologically related as follows:

On August 1, 1932, Eugenia Vining, an infant of the tender age of 18 months, through her father and next friend, N. F. Vining, filed in the Circuit Court of Dade County, Florida, her declaration against the defendants in error, American Bakeries Company, a corporation organized under the laws of Georgia, and R. M. McIlwean, the employee of said corporation, alleging permanent injury as a result of the negligent operation of one of the trucks of the American Bakeries Company by said R. M. McIlwean.

The issues were made up and the case regularly came on for trial in May, 1933, and on the 19th day of that month, a Dade County jury, duly sworn and impanelled to try the issues in the cause, returned a verdict for the plaintiff for the sum of $12,500.00. Within the time required

by law a motion for a new trial was filed, containing forty-nine different grounds or reasons therefor. This motion was duly argued, and on the 5th day of August, 1933, after the same had been under advisement by the court for a number of months, the court granted a new trial upon all forty-nine grounds.

Writ of error was sued out on November 3, 1933, by the plaintiff in error from this order granting a new trial, and the cause duly prosecuted in the Supreme Court. On March 1, 1935, the Supreme Court reversed the order of the Circuit Court granting a new trial, and ordered the entry of final judgment unless the defendants in error should file and make prevail in the lower court a motion for judgment *non obstante veredicto* or a motion in arrest of judgment. Vining v. American Bakeries Co. (*supra*). Petition for rehearing was filed by the defendants in error within the time allowed by the rules of Court, and on April 5, 1935, the same was duly denied and the mandate of the Supreme Court became lodged with the Clerk of the Circuit Court of Dade County on April 8, 1935.

The defendants in error were duly served with notice by the plaintiff in error of her motion for final judgment, pursuant to the mandate of the Supreme Court, and no motion for judgment *non obstante veredicto* or in arrest of judgment having been filed by the defendants in error, the Circuit Court of Dade County did on April 9, 1935, enter final judgment in accordance with the Supreme Court mandate.

We think the present motion should be denied and the court below directed to carry plaintiff's judgment into execution, for the following reasons:

(1) The general rule is that courts should look with disfavor upon applications for a new trial upon the ground of newly discovered evidence, because to look with favor

upon such proceedings would bring about a looseness in practice and encourage counsel to neglect to gather all available evidence for a first trial by speculating upon the verdict, and then, being defeated, become for the first time duly diligent in securing other evidence to cure the defects or omissions in their showing upon the first trial. Ives v. People, 86 Colo. 141, 278 Pac. Rep. 792.

(2) It cannot be said as a matter *of law* that a new trial *ought* to be granted whenever an important witness against the losing party in the case shall have made an affidavit or given evidence under oath in some other proceeding, that he committed perjury in his testimony; if that were so justice would be defeated in many grave cases, because recanting testimony is to be regarded as very unreliable, especially when it involves a confession of perjury for which no actual conviction and adjudication of guilt by a court has been had. Indeed, the mere fact that an important witness has come forward, or been induced or procured to confess himself a perjurer at the trial does not *ipso facto* sustain a trial court, even before the judgment has been appealed to the Supreme Court and affirmed, in granting a new trial upon such circumstances which by the agreeing opinion of all the courts, is regarded with suspicion and distrust as a ground for upsetting what has already passed into verdict and judgment. Indian Fred v. State, 36 Ariz. 48, 282 Pac. Rep. 930; Tucker v. State (Ark.), 2 S. W. Rep. (2nd) 61; Blass v. People, 79 Colo. 555, 247 Pac. Rep. 177; People v. Shilotano, 218 N. Y. 161, 112 N. E. Rep. 733, L. R. A. 1916F 1044; Ives v. People, 86 Colo. 141, 278 Pac. Rep. 792; People v. Marquis, 344 Ill. 261, 176 N. E. Rep. 314; State v. Buton, 124 Kan. 509, 260 Pac. Rep. 634; State v. Birzer, 126 Kan. 414, 268 Pac. Rep. 842; State v. Dodge, 124 Me. 243, 127 Atl. Rep. 899; People v.

Van Den Dreissche, 233 Mich. 38, 206 N. W. Rep. 339; State v. Upson, 162 Minn. 9, 201 N. W. Rep. 913; State v. Wheat, 166 Minn. 300, 207 N. W. Rep. 623; State v. Gleeman, 170 Minn. 197, 212 N. W. Rep. 203; State v. Sweeney, 180 Minn. 450, 231 N. W. Rep. 285, 73 A. L. R., 380; State v. Hughes, 78 Mont. 87, 252 Pac. Rep. 320; People v. Farini, 209 N. Y. S. 532, 125 Misc. 300; Wilson v. State, 36 Okla. Cr. Rep. 148, 252 Pac. Rep. 1106; State v. Pittman, 137 S. C. 75, 134 S. E. Rep. 514; Nusser v. State, 195 Wis. 375, 218 N. W. Rep. 185; Cooper v. State, 106 Tex. Cr. Rep. 118, 290 S. W. Rep. 537; Commonwealth v. Brady, 76 Pa. Sup. Ct. 488; Commonwealth v. Ruff, 92 Pa. Sup. Ct. 530. See also the Florida case of Winsley v. State, 69 Fla. 391, 68 Sou. Rep. 375, and the case of Martin v. United States, 17 Fed. (2nd) 973.

(3) The present attack was not launched before the regular motion for a new trial was ruled on but was delayed until long after the order granting the new trial on other grounds had been appealed to this court and the case decided here without reference to the alleged perjured testimony as warranting a new trial. It likewise comes after judgment entered pursuant to the mandate of this Court which is to all intents and purposes after the judgment of this Court affirming the verity of the verdict and judgment below. Under such circumstances an attack on the verity of plaintiff's judgment, if now sought to be impeached, should be predicated upon an allegation of conviction of the perjurer, or his death rendering conviction impossible, since public policy requires that final judgments entered in a cause pursuant to a mandate of the Supreme Court should be an end of the litigation where the judgment sought to be impeached is not impeached by a judgment adjudicating a witness for the successful party in the case guilty of per-

jury in such case. Dycke v. Patton (N. C.) 3 Jones Eq. 332; Dexter v. Handy, 13 R. I. 474; Richardson v. Roberts, 25 Ga. 671; Munro v. Moody, 78 Ga. 127, 2 S. E. Rep. 688; Annotation 13 L. R. A. 536.

We entertain no doubt of the *power* of this Court to direct the trial court to entertain an extraordinary motion for a new trial in a proper case, where it is established that a material witness at the trial committed perjury, or even that he was mistaken in his testimony, provided such testimony relates to a material issue and is not merely cumulative, and the showing here is timely made, but after judgment has been entered in the trial court pursuant to a mandate of this Court, we think that nothing less than a showing of conviction of the alleged perjurer would warrant our intervention in such a particular, as the attack at that time is in the nature of a collateral assault on a judicial adjudication that is presumptively ended, and therefore analogous to an attack on the judgment by a separate proceeding in equity . See authorities last above cited.

Motion to recall mandate and to direct trial court to consider extraordinary motion for new trial denied with directions that trial court proceed with the execution of the judgment rendered.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.