SANDLER, HARRY N., Associate Judge.
The appellant was the plaintiff below and the appellees the defendants, and the parties will be referred to as they appeared in the trial court. This was a negligence action concerning a collision between the plaintiff who was riding a motorcycle, and a Duplex Grad-All motor vehicle owned by the defendant Railroad Company. The accident did not arise out of plaintiff’s em *488 ployment although he was employed by the Railroad Company. The case went to trial and on April 30, 19S8, the jury returned a verdict in favor of the plaintiff. Judgment, with costs for the plaintiff was recorded May S, 1958. Both parties moved for a new trial, plaintiff on the ground of inadequacy of the verdict. Both motions were denied.
While the motions were pending, the plaintiff filed a praecipe for costs to which the defendants filed certain objections. An order was made by the trial judge granting certain costs and denying others. Plaintiff moved to amend the final judgment to include the additional costs allowed and on July 11, 1958, an amended final judgment was filed for the amount of the verdict and costs. Thereafter, on July 16, 1958, a motion was made by the defendants to vacate the judgment on the ground that the verdict was based on false testimony, which testimony was known to be false at the time it was given. This concerned the testimony of the plaintiff as to the extent and nature of his permanent injuries and that he would not be able to return to work as a trainman with the Railroad Company. The trial judge, on the basis of the motion and attached exhibits, vacated the judgment and granted a new trial on all issues. The appeal is from this order.
The exhibits which defendants attached to their motion to vacate the judgment consisted of:
(1) A “To Whom It May Concern” letter dated June 9, 1958, signed by Edgar Watson, M. D., stating that plaintiff had been under his care and concluded with the statement, “I believe that he (plaintiff) has now recovered sufficiently to be able to return to work.”
(2) An undated letter purportedly written by plaintiff to a Mr. Lightfoot, an employee of defendant Railroad Company, with the attached envelope showing a postmark of June 17, 1958, in which plaintiff stated he would like and needed to return to his duties and that the letter which he enclosed from Dr. Watson was from the doctor who did the work on his leg, “and he knows more about it, I am sure, than anyone else.”
(3)A second “To Whom It May Concern” letter dated February 4, 1958, signed by Edgar Watson, M. D., in which he stated that after examination “I do not believe that the patient is able to do real strenuous work.”
Also in support of their motion, defendants cited portions of plaintiff’s testimony at the trial in which plaintiff stated he could not do several things that he could have done before he was injured. Plaintiff was questioned as to his work as a trainman:
“Q: Well now, in that condition, are you able to do the work of a trainman on the railroad that you formerly did?
“A: I would say definitely not.
“Q: What is there about the work of a trainman that you think you wouldn’t be able to do?
“A: Well, there’s a lot of times you have to step off and on the cab or the engine when it’s moving along, and you’re stepping off in a rockbed. They have rocks up and down the railroad tracks, and a lot of times, you slip in it and sometimes you have to get off the cab and hurry back about a mile back to flag another train and sometimes you have to run. And I just don’t believe I could do that now.”
In addition to this evidence the trial judge heard testimony of Dr. Watson, who did not testify at the trial, to the effect that he had last examined the plaintiff on February 4, 1958, when he had written the letter stating that “I do not believe that the patient is able to do real strenuous work” and that the letter which he wrote on June 9, 1958, stating that plaintiff had recovered sufficiently to be able to return to work, was written at the instigation of plaintiff, without further examination by Dr. Watson.
*489 Reviewing the record, there does not appear to be any direct conflict of testimony presented by plaintiff at the trial with any of his former statements before the trial, nor did the trial judge so find. Plaintiff’s letter to defendant of June 9, 1958, which was after the trial, stated only that plaintiff would like and needed to return to work. The only conflict in testimony appears to be that of Dr. Watson, and he did not testify at the trial.
The additional evidence presented to the Court on the motion to vacate the judgment, together with the testimony of the plaintiff at the trial, led the trial judge to conclude that such “might reasonably shake the credibility of the plaintiff as a witness in the minds of the jurors in a new trial”. The evidence does not, in our opinion, justify this conclusion.
There was no finding of a conflict in the testimony by the trial judge, the testimony of the plaintiff as to his permanent injuries being his opinion of the injuries sustained, which testimony was amply sustained by the testimony of a highly qualified expert witness on behalf of the plaintiff, an orthopedic surgeon. The defendants offered no medical testimony. Neither did the defendants seek to have the plaintiff examined by their own doctors under the rule. The trial judge’s conclusion on the hearing on the motion to vacate was that the testimony “might reasonably shake the credibility of the plaintiff as a witness in the minds of the jurors in a new trial”. The additional testimony at best was testimony that went to the credibility of the witness and was in the nature of impeaching testimony. It does not follow that at another trial this additional testimony should or ought to bring about a different result.
We therefore hold under authority of Hillsboro Plantation v. Plunkett, Fla. 1952, 59 So.2d 872, that where a Circuit Judge’s reasons for granting a motion for a new trial are insufficient, then the order must be set aside and the judgment reinstated. See also Frazier v. Ewell Engineering & Contracting Co., Fla.1952, 62 So. 2d 51, and Lewis v. Jennings, Fla.1953, 64 So.2d 275.
Reversed with directions to set aside the order vacating the two judgments and granting a new trial and to reinstate the “amended final judgment” filed July 11, 1958.
ALLEN, Acting Chief Judge, and SHANNON, J., concur.