131 So.2d 24 (1961)
DADE NATIONAL BANK OF MIAMI, Appellant,
v.
Sam KAY et al., Appellees.
No. 60-472.
District Court of Appeal of Florida. Third District.
June 5, 1961.
Rehearing Denied June 28, 1961.
*25 Scott, McCarthy, Preston, Steel & Gilleland and Dwight Sullivan, Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellant.
Burnett Roth, Miami Beach, Sarino R. Costanzo, Worton, Cline & Manker, Miami, for appellees.
HORTON, Chief Judge.
Appellant bank seeks reversal of an order granting a new trial on the ground of newly discovered evidence.
The bank, as plaintiff, initiated an action in the trial court against appellees Kay, Kligmann and Williams, guarantors on certain loans made to appellee Air International by the bank. One Strauss, also a guarantor, was joined as a defendant in the action but was later dismissed. The trial court directed verdicts against Kligmann and Williams. There was presented to the jury the issue raised by appellee Kay's answer wherein he denied executing the instrument of guarantee and affirmatively asserted that his name affixed to the instrument was a forgery. This issue was decided adversely to appellee Kay by the jury's rendition of a verdict in favor of appellant bank.
In addition to testimony of handwriting experts presented by both parties, the record also contains the testimony of a bank official who testified that appellee Kay had admitted signing the guarantee. This official further testified as to other acts of appellee Kay which tended to establish that he considered himself a guarantor on the loans. Appellees Williams and Kligmann both testified as to the circumstances surrounding the signing of the guarantee and in addition, the deposition of Strauss was read to the jury. None of these witnesses testified that they had seen appellee Kay sign the guarantee. Although Kay testified that he had not signed the instrument, the jury returned verdicts in favor of the bank and against Kay. Subsequently, Kay moved for a new trial based upon an affidavit wherein Kligmann stated that he had personally seen Strauss forge Kay's name to the guarantee. Pursuant to this motion, supported by the affidavit, the trial court set aside and vacated the verdict and granted a new trial to the appellee Kay. In doing so, the trial court said:
"One is entitled to the trial of his cause before a jury which has before *26 it all of the evidence. The failure to produce this new evidence at the trial cannot be attributable to negligence or the want of diligence, particularly under the circumstances of this cause and the interests of the several parties. It is not in the interest of the affiant, Joseph Eugene Kligmann, to make the affidavit which is attached to the motion for new trial. This cause involves purely circumstantial evidence. The newly discovered evidence is of such a conclusive nature and of such decisive and preponderating character that it is reasonable to believe that the jury probably would have changed its verdict had this evidence been presented to it. If this evidence had been presented, the jury would have had the opportunity of weighing its credibility, its materiality being evident, and a verdict against Mr. Kay then would have been manifestly against the weight of the evidence. We are not here concerned with the recanting of testimony by any witness. The newly discovered evidence is material, not cumulative, and of such a character that if believed by the jury, would have necessitated a different result."
There is no question that an application for new trial is directed to the sound discretion of the trial court. Cloud v. Fallis, Fla. 1959, 110 So.2d 669, and 23 Fla.Jur., New Trial, § 86, and cases collected therein. However, applications for new trial, based upon the ground of newly discovered evidence, are considered by the courts with a certain amount of disfavor. See Florida East Coast R. Co. v. Knowles, 68 Fla. 400, 67 So. 122; Vining v. American Bakeries Co., 121 Fla. 116, 163 So. 396. And as observed by the Supreme Court in Alston v. Shiver, Fla. 1958, 105 So.2d 785:
"The established general rule is that a motion for new trial based upon newly discovered evidence will not be granted unless certain requirements are met."
These requirements for the granting of a new trial on the ground of newly discovered evidence are (1) that it must appear that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching. See 23 Fla.Jur., New Trial, § 64, et seq. and 39 Am.Jur., New Trial, § 158, et seq.
The appellee Kay's motion for new trial was grounded, inter alia, upon alleged newly discovered evidence supported by the affidavit of appellee Kligmann which was not available to the movant or his attorney until after the trial. By his affidavit, Kligmann corroborated Kay's testimony that his name on the guarantee was a forgery. However, in so doing, Kligmann has created facts which are inconsistent with those presented by him in a prior deposition and his testimony during the trial. Clearly, recanting testimony such as this is to be regarded as exceedingly unreliable and does not necessarily entitle a movant to a new trial. See Vining v. American Bakeries, supra; Bell v. State, Fla. 1956, 90 So.2d 704. Nor has it been shown that the prevailing party knowingly used false testimony. See Alston v. Shiver, supra. However, the determination of whether the recantation by an important witness entitles the movant to a new trial rests in the sound discretion of the trial court and we are not inclined to conclude that there was an abuse of this discretion solely upon the fact that such testimony is unreliable. Bell v. State, supra; Larson v. Heintz Construction Co., 219 Or. 25, 345 P.2d 835.
We do hold that the trial court erred in granting a new trial upon the ground of newly discovered evidence where such evidence is clearly cumulative to that adduced by the movant at the trial. See Vining v. American Bakeries Co., supra; Clair v. Meriwether, 127 Fla. 841, 174 So. 591; *27 Ogburn v. Murray, Fla. 1956, 86 So.2d 796; and Annotation 158 A.L.R. 1253. This is especially true where the affidavit constituting the newly discovered evidence in support of the motion for new trial is the recanting testimony of a party to the cause.
Accordingly we conclude that where a trial court's reasons for granting a motion for new trial are insufficient, then the order must be set aside and the judgment reinstated. Baxley v. Atlantic Coast Line Railroad Co., Fla.App. 1959, 110 So.2d 487.
The order granting new trial is reversed, and the cause is remanded with directions to reinstate the verdict and enter judgment thereon for the appellant.
Reversed and remanded with directions.
PEARSON and CARROLL, CHAS., JJ., concur.