WIGGINTON, Acting Chief Judge.
This is an appeal from a final judgment entered upon a jury’s verdict in favor of defendant appellee. The point on appeal urges that the trial court committed error in denying plaintiff-appellant’s motion for new trial on the ground of perjury as revealed by evidence newly discovered subsequent to the trial.
This action was brought by plaintiff engineer seeking to recover the value of services performed by him for defendant, which services consisted of making a survey of a large tract of land and furnishing a certificate stating the amount of acreage contained in the tract. Defendant’s answer to the complaint pleads general denial, additional contract, accord and satisfaction, denial of authorization of the services performed, and that the work was not completed by the plaintiff according to their agreement which resulted in a detriment to defendant. During the course of the trial defendant testified that he lost a sale of his property due to plaintiff’s failure to perform the work and furnish the drawing and certificate of acreage within the time agreed upon. This testimony appellant claims was knowingly false, and he assumes that it was on the basis of this testimony that the jury found in defendant’s favor.
The post-trial record reveals that defendant entered into a contract to convey his land to a purchaser known as IJM Corporation. The contract required defendant to furnish an abstract showing merchantable title, and also an engineer’s drawing reflecting the location of the property and a certificate showing the amount of acreage therein. Defendant engaged plaintiff to do the engineering work and testified that under the agreement the drawing and certificate were to be completed and furnished by plaintiff not later than November 1, 1957, at which time defendant was in position to convey title to his purchaser. Plaintiff did not complete his work nor furnish the drawing and certificate until January 20, 1958. When defendant was not in position to complete the transaction in November, 1957, he sought and procured successive extensions of time for closing. These extensions were necessary due to plaintiff’s failure to furnish the drawings and certificate. It is defendant’s position, as shown by the evidence, that his purchaser was a syndicate speculating in real estate whose purpose was to make a resale of the property at a profit before the date of closing at which time it would be required to make the initial payment on the purchase price. The purchaser was therefore willing to grant extensions of time for closing as it was unable to secure a ready purchaser for the property. Defendant testified that had plaintiff completed his engineering work in accordance with their contract and delivered the drawing and certificate by November, 1957, the purchaser would have been forced to close at that time and was able and willing to do so. It appears, however, that during the last few months of 1957 an economic recession throughout the country was having an adverse effect upon the sale of real estate in Florida. This, coupled with the Florida freeze of 1957 which seriously damaged the citrus crop, destroyed the purchaser’s chances of quickly reselling the property at a profit. On the closing date set for March 1, 1958, the *591 purchaser evidently defaulted in its agreement to purchase the land. The purchaser brought suit against defendant seeking to recover the $5,000 binder payment which had been deposited in the court registry pending the outcome of the cause. In that suit defendant filed an answer containing the technical defense that on the date set for closing the purchaser refused to tender in cash the down payment on the purchase price, and refused to tender a purchase money mortgage in the usual form containing terms adequate to secure payment of the purchase price. In that suit a stipulation was subsequently filed agreeing that a decree be entered in defendant’s favor. The record contains no testimony offered by defendant during that proceeding, nor is there any proof that defendant testified under oath in support of the allegations of his answer. Plaintiff engineer contends here that defendant’s answer in the suit by IJM Corporation to recover the binder money contained defenses inconsistent with his trial testimony in this case which was to the effect that he lost the sale because of plaintiff engineer’s failure to complete his work within the time agreed upon. Plaintiff therefore reasons that defendant committed perjury in this case for which a new trial should be awarded.
In the first place it must be pointed out that' there is no proof in the record showing that defendant testified falsely, or at all, in the suit brought by IJM Corporation to recover the binder money. The fact that he filed a written defense in that suit on the theory that the purchaser had defaulted, and was successful in securing a consent decree in his favor for the binder money, is not tantamount to proof that the facts alleged in his answer were supported by defendant’s sworn testimony. There is no showing that defendant ever read the answer filed on his behalf, or had personal knowledge of the allegations contained therein.
Secondly, there is no proof that the testimony given by defendant under oath in this case was knowingly false. In opposition to the motion for new trial defendant offered proof in support of his position that his testimony is true. This proof tends to establish that the fundamental reason he lost the sale of his property was because of plaintiff’s failure to timely furnish the drawing and acreage certificate thereby preventing him from closing the transaction before the adverse economic conditions occurred which ultimately caused the sale to collapse. Defendant insists that the real reason for his failure to close the sale of his land had no relationship to the written defense which was interposed on his behalf in the suit brought to recover the binder money.
Thirdly, the suit by the purchaser corporation against defendant to recover the binder money was litigated in Suwannee County and completed before the ■ present suit was instituted in that forum. All the evidence on which the appellant now relies to show perjury was available to him prior to the trial of this cause. All such evidence could have been employed during the trial to discredit defendant’s testimony if plaintiff had seen fit to use it. No just cause or excuse is shown by this record for plaintiff’s failure to discover this evidence and utilize it at the proper time.
In Vining v. American Bakeries Co.,[1] the Supreme Court said: “The general rule is that courts should look with disfavor upon applications for a new trial upon the ground of newly discovered evidence, because to look with favor upon such proceedings would bring about a looseness in practice and encourage counsel to neglect to gather all available evidence for a first trial by speculating upon the verdict, and then, being defeated, become for ■ the first time duly diligent in securing other evidence to cure the defects or omissions in their showing upon the first trial."
*592 We recognize the exception' to the general rule that a party is not required, in the preparation of his case for trial, to anticipate that the adverse party will give perjured testimony. When a party seeking a new trial on the ground of newly discovered evidence can establish perjury on the part of the prevailing party, and that he was taken by surprise as a result of such testimony, the rule requiring that he be prepared to meet this type of testimony during the trial will be relaxed.[2] However, in the case we now review plaintiff should have anticipated from the nature of the defenses interposed that defendant would seek to establish on trial that plaintiff did not complete the work for which he contracted according to the terms of the agreement, which failure resulted in damages to defendant. The basis of this defense could have been readily ascertained before the trial either by propounding proper interrogatories, or by taking defendant’s deposition. The record fails to reveal that either of these alternatives was attempted. Had they been, plaintiff would have been fully informed as to the factual basis of this defense, and could have been prepared to discredit defendant’s testimony now claimed to be false by utilizing the evidence which was then available to him and on which he now relies in support of his motion for new trial.
Appellant’s second point on appeal charges that appellee gave perjured testimony during the trial when he testified that he employed and paid plaintiff for a survey made of all except 120 acres of his property in the year 1952, which survey appellant agreed to utilize at no extra charge in the preparation of the plat and acreage certificate to be made pursuant to the 1957 agreement sued upon. The total amount of land owned by appellee consists of approximately 2,380 acres lying in seven different sections of the same township and range. This was the land appellee contracted to sell to IJM Corporation. It was for the value of services rendered by appellant in the preparation of the plat and acreage certificate covering these lands that this suit was instituted. On his direct examination appellant testified that in 1952 he had surveyed a portion of ap-pellee’s lands, but under the agreement sued upon it was necessary to retrace some of the lines and re-establish some of the corners of those lands, in addition to making an actual survey of the remainder of appellee’s lands which he proposed to sell in. 1957. This testimony was offered for the purpose of supporting the total amount of compensation claimed by appellant in the suit. Appellee testified that under his agreement with appellant in 1957, appellant contracted to survey only 120 acres of land acquired by appellee since the 1952 survey, and to prepare a new plat showing the location of the total acreage and furnish a certificate as to the amount of land contained therein for a charge not exceeding $300.00. Appellee testified that he paid appellant the sum of $300 as agreed upon, and that he owed nothing further on account of the services rendered by appellant in 1957. Appellee testified that in 1952 appellant had surveyed all except 120 acres of subsequently acquired property and that his field notes and other data accumulated in connection with the 1952 survey were to be utilized in preparing the new plat and acreage certificate. On rebuttal appellant testified that in the year 1952 he surveyed only those lands of appellee lying in three of the seven sections involved in the 1957 survey, but did not at that time make any survey of ap-pellee’s remaining lands. The conflict in the testimony between the parties as to the extent of the survey made by appellant of appellee’s lands in 1952 was a disputed issue of fact which was submitted to the jury on the- trial and was relevant to the issue of the amount of compensation to *593 which the appellant was entitled for his services.
In support of his motion for new trial appellant submitted affidavits of five persons owning land in the vicinity of the property owned by appellee. These witnesses averred that appellant had surveyed a portion of appellee’s lands in 1925, but did not survey the remaining portions of appellee’s property until 1957. It is appellant’s position that these affidavits establish that appellee knowingly gave false testimony during the trial with regard to the amount of his land that was surveyed by appellant in 1952. It is obvious from the record, however, that the information contained in the post-trial affidavits submitted by appellant merely corroborated the testimony given by appellant during the trial, and contained facts in conflict with the testimony offered by appellee.
The most recent decision of an appellate court of this state setting forth the rule of law applicable to the question here presented is that rendered by the Third District Court of Appeal on June 5, 1961, in the case of Dade National Bank of Miami v. Sam Kay, et al.[3] It is there pointed out that the requirements for granting a new trial on the ground of newly discovered evidence are (1) that it must appear that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching.
It clearly appears from the post-trial affidavits submitted by appellant that the facts stated therein are merely cumulative of the testimony offered by appellant during the trial on the issue here considered, the principal effect of which is to impeach the trial testimony offered by appellee. In view of the several defenses interposed by appellee it does not clearly appear that had the post-trial evidence been submitted to the jury it probably would have changed the result. The jury could have found for the defendant on any one of the other defenses interposed by him to appellee’s claim.
Appellant having failed to demonstrate error in the trial court’s denial of his motion for new trial, the judgment appealed is affirmed.
Affirmed.
STURGIS, j., and FITZPATRICK, W. L., Associate Judge, concur.

. Vining v. American Bakeries Co., 121 Fla. 116, 163 So. 396, 397.

. Alston v. Shiver, Fla.1958, 105 So.2d 785; Ogburn v. Murray, Fla.1956, 86 So.2d 796.

. Dade National Bank of Miami v. Kay, Fla.App.1961, 131 So.2d 24.