376 So.2d 912 (1979)
Mildred GAITER, Appellant,
v.
WINN DIXIE STORES, INC., Appellee.
No. 78-2394.
District Court of Appeal of Florida, Third District.
November 13, 1979.
Kaplan, Sicking, Hessen, Sugarman, Rosenthal & Zientz and Joel V. Lumer, Coral Gables, for appellant.
Corlett, Merritt, Killian & Sikes, Greene & Cooper and Sharon L. Wolfe, Miami, for appellee.
Before HAVERFIELD, C.J., and SCHWARTZ, J., and MELVIN, WOODROW M. (Ret.), Associate Judge.
*913 PER CURIAM.
Plaintiff, Mildred Gaiter, appeals an order vacating a $75,000 judgment in her favor and granting a new trial on the ground that she gave perjured testimony at trial. We affirm.
Mrs. Gaiter sustained injuries when a shelf collapsed and fell on her ankle while she was shopping at one of the markets of Winn Dixie Stores, Inc. For approximately three years thereafter, Mrs. Gaiter underwent a series of medical treatments and operations which she contends were a proximate cause of the accident. She filed a suit for damages against Winn Dixie and the cause was tried before a jury which returned a verdict of $75,000 in her favor. During the trial, Mrs. Gaiter's son testified that he and his mother had motored to Mississippi and back; he did all the driving while his mother reclined on the back seat. Mrs. Gaiter testified that as a result of the constant and debilitating pain in her knee and back she was unable to drive. During cross-examination, counsel for Winn Dixie introduced a traffic ticket issued in Tampa to Mrs. Gaiter. She insisted that her son was driving the car, but since she was responsible for him, the police officer issued her the citation.[1] At the conclusion of the trial, the jury awarded Mrs. Gaiter $75,000. In the meantime, the trial judge had requested the state attorney's office to conduct an investigation as to who was driving the car when the citation was issued. After the verdict had been returned, the results of the investigation revealing that Mrs. Gaiter was actually driving were reported to the trial judge who issued a rule to show cause why a new trial should not be granted for the reason that Mrs. Gaiter had perjured herself. At the conclusion of the hearing on this matter, the trial judge entered an order (1) vacating the directed verdict as to liability and the $75,000 jury verdict, and (2) granting a new trial. Mrs. Gaiter appeals therefrom.
The controlling principle of law is that where it is shown that the prevailing party (Mr. Gaiter in the instant case) knowingly gave or used false testimony, the trial court in its discretion may grant a new trial without the requisite showing that this newly discovered evidence would probably produce a different result on the new trial. Alston v. Shiver, 105 So.2d 785 (Fla. 1958). On the record presented, Mrs. Gaiter has failed to demonstrate that the trial judge abused his discretion in granting a new trial.
Furthermore, we conclude that the following two cases relied upon by Mrs. Gaiter are distinguishable and, therefore, inapplicable to the case at bar. In Drew v. Chambers, 133 So.2d 589 (Fla. 1st DCA 1961) the court found that there was no proof that the defendant's testimony was knowingly false. Also, a perusal of Dade National Bank of Miami v. Kay, 131 So.2d 24 (Fla. 3d DCA 1961) demonstrates that a party who did not prevail recanted his testimony and this changed testimony was only cumulative to the testimony of the party moving for a new trial.
We also considered Mrs. Gaiter's remaining points on appeal and find no merit therein.
Affirmed.
NOTES
[1] Michael was  since I had signed an affidavit for my son to drive me, I was responsible.
"Q. Um hmm?
"A. He was either going to take Michael to jail or give me the ticket.
"So, I took the responsibility and took the ticket.
"Q. All right. Let me go through that again.
"The police officer that gave you the ticket told you that since you signed for your boy to drive 
"A. Yes.
"Q.  you were responsible for the boy.
"A. Yes.
"Q. And it was either take him to jail or you accept the ticket in your name. Is that correct?
"A. I accepted the responsibility.
"Q. All right. So, he gave you the ticket and you signed for it.
"A. Definitely."