PER CURIAM.
This cause has previously been before this court, and an opinion and decision is reported in Action Fire Safety Equipment, Inc. v. Biscayne Fire Equipment Company, Inc., 383 So.2d 969 (Fla. 3d DCA 1980). In said opinion the cause was remanded to the trial court to further consider a motion for new trial. On remand, the trial judge did as he had originally done when the motion was before him, denied the same and utilized the following language:
“. . . the motion should be and the same is hereby denied. The Court finds and holds that Marion Einhorn’s testimony could not have been discovered before trial with the exercise of due diligence, was discovered since the trial, and was material. However, the testimony was merely cumulative and impeaching and probably would not have changed the jury’s verdict.”
The instant appeal is taken from the original final judgment as rendered by denial of the motion for new trial on remand. We affirm.
The prior opinion gave the trial judge the authority to deny the motion. We find no abuse of discretion and, therefore, we affirm the order here under review. Baxley v. Atlantic Coast Line Railroad Company, 110 So.2d 487 (Fla. 2d DCA 1959); Dade National Bank of Miami v. Kay, 131 So.2d 24 (Fla. 3d DCA 1961); Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980).
Affirmed.