ERVIN, J.
Appellants, Charles E. and Maggie Brown, seek to reverse an order granting a motion to set aside a judgment based on newly discovered evidence, which was filed by appellee Quinn A. McMillian, Sheriff of Walton County, pursuant to Florida Rule of Civil Procedure 1.540(b), and the granting of a new trial. We agree with appellants that the evidence in question could have been discovered before trial by the sheriffs exercise of due diligence in the pretrial investigation; accordingly, we reverse.
As a general rule, courts should look with disfavor upon applications for new trial based upon newly discovered evidence. As explained in Jerrico, Inc. v. Washington National Insurance Co., 400 So.2d 1316 (Fla. 5th DCA 1981), to favor such applications would bring about a looseness in practice and encourage counsel to neglect to gather all available evidence for a first trial by speculating upon the verdict, and then, once defeated, allow counsel to become for the first time duly diligent in securing evidence to cure the defects and omissions in the showing during the first trial. Id. at 1319 (quoting Vining v. American Bakeries Co., 121 Fla. 116, 163 So. 396 (1935)).
It is the movant’s burden under rule 1.540(b) to establish the exercise of due diligence. It is not sufficient to merely show that the evidence was not known or discovered by counsel prior to trial. Rather, the movant must make his or her vigilance apparent. King v. Harrington, 411 So.2d 912, 915 (Fla. 2d DCA 1982).
This case concerns a slip and fall by appellant Charles Brown while he was an inmate in the Walton County jail on February 23, 1990. The case was tried in January 1997, and a verdict for the Browns was affirmed on appeal. McMillian v. Brown, 710 So.2d 554 (Fla. 1st DCA 1997). After the appeal was final, the sheriff filed the motion to set aside the judgment in the trial court based on newly discovered evidence. It was the sheriffs position that he had four new witnesses, one of whom was Dexter Durm, who would testify that Charles Brown told him that he intended to fake a fall while in the jail and sue for damages.
Sheriff McMillian admitted at the April 1998 motion hearing that he was aware in 1990 that Durm, another inmate in the jail, had made a statement that Brown said he was going to fake a fall from the top bunk in the jail. Based on this statement, the sheriff, in the exercise of due diligence, was required to inquire further; yet he admitted he conducted no additonal investigation. Moreover, Deputy Sheriff Chapman testified that even though he had suspicions about Brown having faked the fall, he did no investigation to determine whether his suspicions were well founded. If a thorough investigation had been con *572 ducted prior to trial, a second witness would have likely been disclosed by Durm. In the absence of competent, substantial evidence of further investigation regarding Dunn’s statement of the faked fall, it was an abuse of discretion for the trial judge to find that the sheriff acted with due diligence.
REVERSED and REMANDED with directions to reinstate the judgment for the Browns.
BENTON and VAN NORTWICK, JJ., CONCUR.