DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARICELA RAMIREZ,**
Appellant,

v.

**KEVIN D. SHAW,** et al.,
Appellees.

No. 4D2025-1535

[April 15, 2026]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Betsy Benson, Judge; L.T. Case No. 062024SC066136AXXXCE.

Maricela Ramirez, Miami, pro se.

No appearance for appellees.

GROSS, J.

Maricela Ramirez appeals an order denying her motion filed under Florida Small Claims Rule 7.190(b)(2), which provides that a court may "relieve a party" from a final judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing."

We affirm the order on appeal because Ramirez's motion fails to demonstrate that she exercised due diligence in uncovering the matters that she hoped to raise at a new trial.

Two tenants, Kevin Shaw and Dadneek Destine-Shaw, brought a small claims case against the landlords, Ramirez and MGF Property I, LLC, seeking the return of a $3,300 security deposit.

In January 2025, after a non-jury trial, the county court entered a final judgment against the landlords, awarding the tenants $3,300 plus prejudgment interest and costs. Ramirez moved for reconsideration, which the trial court denied. The landlords did not appeal the final judgment.

In April 2025, Ramirez moved to reopen the case pursuant to Florida Small Claims Rule 7.190, asserting that she had "obtained new evidence that was not available at the time of the original hearing," including the lease agreement, a 2019 check purportedly demonstrating that the security deposit was only $1,650, and three-day notices allegedly evidencing the tenants' failure to pay the May 2024 rent. Ramirez alleged that these documents "were not available or were overlooked" due to her pro se status. The trial court denied the motion as legally insufficient.

On appeal, Ramirez makes arguments directed at the final judgment. But she did not timely appeal that judgment, so we do not reach those issues and focus instead on the propriety of the county court's ruling on the rule 7.190(b)(2) motion.

To avoid being summarily dismissed or denied, a motion for relief from judgment must allege colorable entitlement to relief. Courts applying Florida Rule of Civil Procedure 1.540(b)—the counterpart to Florida Small Claims Rule 7.190(b)—have explained that "the rule does not have as its purpose or intent the reopening of lawsuits to allow parties to state new claims or offer new evidence omitted by oversight or inadvertence." *Viking Gen. Corp. v. Diversified Mortg. Invs.*, 387 So. 2d 983, 985 (Fla. 2d DCA 1980). "The necessary finality of litigation prohibits courts from giving parties a second chance at proof they had available in the first instance but overlooked or chose not to use." *Hooks v. Quaintance*, 71 So. 3d 908, 911 (Fla. 1st DCA 2011). "Relief from judgment based on newly discovered evidence claim should be seldom granted and only when the party seeking relief has exercised due diligence." *Id.*

Similar to a movant's burden under rule 1.540(b), a movant under rule 7.190(b)(2) has the burden "to establish the exercise of due diligence." *Brown v. McMillian*, 737 So. 2d 570, 571 (Fla. 1st DCA 1999). "It is not sufficient to merely show that the evidence was not known or discovered" by a small claims litigant prior to trial. *Id.* "[T]he movant must make his or her vigilance apparent." *Id.*

Here, the county court properly denied Ramirez's rule 7.190(b) motion because it failed to allege colorable entitlement to relief. The motion was legally insufficient because it failed to demonstrate that the proffered evidence constituted "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing." Fla. Sm. Cl. R. 7.190(b)(2).

The documents cited in the motion—the 2019 check, the lease agreement, and the three-day notices in May 2024—all predated the

2

January 2025 trial. These were the types of documents that a pro se landlord, through reasonable diligence, would have uncovered and brought to trial over a security deposit, or to support a timely motion for rehearing. Ramirez was improperly attempting to obtain relief from judgment based upon documents she necessarily "had available in the first instance but overlooked or chose not to use." *Hooks*, 71 So. 3d at 911.

The motion's bare assertion that these documents "were not available or were overlooked due to [her] pro se status" does not satisfy the due diligence requirement under rule 7.190(b)(2). The motion failed to make Ramirez's vigilance apparent. The motion does not allege any facts showing that Ramirez timely undertook diligent efforts to obtain the documents.

For these reasons, we affirm the trial court's order.

*Affirmed.*

CIKLIN and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely-filed motion for rehearing.**

3