370 So.2d 829 (1979)
CITY OF WINTER HAVEN, a Municipal Corporation, for the Use and Benefit of John K. Lastinger, D/B/a John K. Lastinger & Sons, Appellant,
v.
TUTTLE/WHITE CONSTRUCTORS, INC., Lecanto Construction Company, Inc., D/B/a Crystal Construction Company, and Federal Insurance Company, Appellees.
No. 78-1629.
District Court of Appeal of Florida, Second District.
May 4, 1979.
*830 Kenneth L. Connor, of Gibson & Connor, Lake Wales, and James M. Weaver, of Weaver & White, Lake Wales, for appellant.
James F. Page, Jr., of Gray, Adams, Harris & Robinson, Orlando, for appellees.
DANAHY, Judge.
Four months after appellant obtained a final judgment against them pursuant to a jury verdict, appellees requested a new trial by motion under Fla.R.Civ.P. 1.540(b) on grounds of newly discovered evidence. The request was granted and this appeal followed. We hold that the new trial should not have been granted because the evidence in question is not material to the issues in this case.
Appellant (Lastinger) was a sub-subcontractor for the site work on a construction project. Appellees are Lastinger's subcontractor (Crystal), the general contractor, and the surety on the general contractor's payment and performance bond.
Lastinger commenced the site work and continued working until he was terminated by Crystal three months later. He brought this suit for damages as a result of that *831 termination, claiming a right of recovery for breach of contract, unjust enrichment, fraud, and on quantum meruit. He voluntarily dismissed the breach of contract count before trial. The trial, therefore, commenced on the unjust enrichment, fraud, and quantum meruit claims.
Despite its irrelevance to these remaining claims, the subject of the reason for Lastinger's termination on the job was introduced by counsel for Lastinger in his opening statement. Specifically, he said the evidence would show that Crystal terminated Lastinger because of Lastinger's failure to prosecute the work, but the evidence would further show that Lastinger's failure to prosecute the work "was because his fuel supplier wouldn't furnish him any more fuel, because he couldn't pay, because Crystal Construction Company had not paid him." Lastinger testified to this effect on direct examination.
At the close of Lastinger's case, the trial judge directed a verdict against him on the fraud and unjust enrichment counts. Accordingly, the case went to the jury solely on the quantum meruit count. There was no dispute that Lastinger was entitled to some amount of money; the only issue was how much. Nevertheless, in his closing argument, counsel for Lastinger repeatedly referred to the ostensible reason why Lastinger stopped his work; that he could not pay his fuel bill because Crystal had not paid him. In these references, counsel characterized Crystal as having squeezed and choked Lastinger, as having attempted to destroy Lastinger, as having been guilty of highhanded construction practices, and as having deliberately taken advantage of Lastinger's cash flow problems.
The newly discovered evidence which formed the basis of appellees' request for a new trial under Rule 1.540(b) was evidence that Lastinger's accountant had misappropriated a substantial amount of funds which Crystal had paid to Lastinger pursuant to the subcontract. Appellees assert that this evidence is extremely significant to the case because it would show that the accountant's diversion of the money was the reason why Lastinger could not pay his fuel bill, rather than Crystal's failure to pay Lastinger. Thus, appellees say, the newly discovered evidence would probably have changed the jury's verdict because it would have prevented the unfavorable characterization of Crystal indulged in by counsel for Lastinger in his closing argument. Appellees argue that, therefore, this newly discovered evidence meets all the requirements listed in Dade National Bank of Miami v. Kay, 131 So.2d 24 (Fla.3d DCA 1961), for the granting of a new trial based on newly discovered evidence. As stated in that case:
[The] requirements for the granting of a new trial on the ground of newly discovered evidence are (1) that it must appear that the evidence is such as will probably change the result if the new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue[s]; and (5) that it is not merely cumulative or impeaching. (Citations omitted)
Rule 1.540(b) allows relief from judgment to be granted for any of five specific reasons. One of these is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing." A motion for relief from judgment on grounds of newly discovered evidence must be made within a reasonable time and not more than one year after the judgment was entered. A motion for a new trial under Rule 1.530, on the other hand, must be served not later than 10 days after the rendition of the verdict in a jury action.
Appellant vigorously argues that appellees' newly discovered evidence meets none of the requirements listed in Dade National Bank of Miami v. Kay, supra. We need only address the most obvious deficiency, lack of materiality to the issues.
Material evidence is evidence which is relevant and goes to the substantial matters in dispute, or has a legitimate *832 and effective influence or bearing on the decision of the case. Black's Law Dictionary 1128 (4th ed. 1951). We fail to see how, under any stretch of the imagination, the defalcation of Lastinger's accountant has any relation to or bearing upon the one question the jury had to resolve in this case, which was the value of the services rendered by Lastinger on the construction site. The accountant did not testify during the trial nor did he prepare any documentary evidence admitted at trial.
Appellees argue that Crystal's alleged mistreatment of Lastinger was made a central issue in the trial by his counsel. Evidence of the accountant's theft is material to the case, they say, because it would eliminate that issue.
But that issue was a false issue, and its falseness was not produced by the fact that the evidence pertaining to the issue (Lastinger's testimony) was erroneous and could be overcome by the newly discovered evidence. The issue was false from the beginning because it was irrelevant (and possibly prejudicial). Its presence in the trial must be attacked on that basis, not on the basis that its premise can be proven untrue. The issues to which newly discovered evidence must be material are the real issues in the case, not issues improperly injected.
A motion for relief from judgment under Rule 1.540 may not be used to overturn a jury verdict rendered on the basis of an improperly considered issue. The rule was intended to provide relief from judgment under a limited set of circumstances. It was not intended to serve as a substitute for the new trial mechanism prescribed by Rule 1.530 or as a substitute for appellate review. Fibre Crete Homes, Inc. v. Division of Admn., Dept. of Tr., 315 So.2d 492 (Fla.4th DCA 1975). The introduction of an irrelevant issue and improper comment in closing argument on that issue may afford grounds for reversal on appeal, assuming the point is properly preserved for appellate review. If so, an appeal must be pursued. The situation cannot be corrected by the ordering of a retrial under Rule 1.540. Hall v. American Distributing Corp., 181 So.2d 711 (Fla.3d DCA 1966).
Reversed.
OTT, Acting C.J., and RYDER, J., concur.