# STATE OF FLORIDA v McGLYNN

## County Court Case No. 8076-83 (Appeal No. (not available))

Fifth Judicial Circuit, Marion County

February 12, 1985

### APPEARANCES OF COUNSEL

**Albert C. Simmons,** for appellant.

**David E. Eddy,** for appellee.

Before LOCKETT, STURGIS, EDWARDS, JJ.

### OPINION OF THE COURT

J. LOCKETT, Circuit Judge.

Appellant McGlynn, defendant below, was charged by information with driving under the influence of alcohol to the extent that his normal faculties were impaired, tried before a jury on September 21, 1983, and found guilty as charged.

Four issues are presented for consideration:

First, appellant argues that the trial court erred in allowing into

evidence a statement by the defendant to a paramedic at the scene of the automobile accident that he (the defendant) "had been at Poppa's," a local pub, prior to the state's having established the corpus delicti of the crime. The state in its case in chief ultimately established the corpus delicti of the crime. *dist. Farley v City of Tallahassee,* 243 So.2d 161 (Fla. 1st DCA 1971). Sufficient circumstantial evidence was presented prior to admission of defendant's statement, which does not constitute a confession, to allow its introduction into evidence. *State v Allen,* 335 So.2d 823 (Fla. 1976). In Florida, " . . . it is not necessary that the proof of the corpus delicti be complete in every detail at the time the defendant's admission of his connection with the crime is admitted into evidence." *County v Dade v Pedigo,* 181 So. 2d 720, 721-722 (Fla. 3d DCA 1966).

Next, appellant urges that it was reversible error for the trial court to admit evidence contrary to the privilege granted to accident reports under Florida Statute 316.066(4). The record is clear that the investigating officer testified at trial that, in response to questioning, defendant stated, "I am on U.S. 441," when in fact he was on U.S. 27. This testimony was improperly admitted under the privilege stated. However, in light of the overwhelming weight of the additional evidence in the case this error is found to be harmless.

Third, appellant suggests that the trial court erred in admitting evidence of defendant's refusal to take a blood alcohol test without a prior predicate of materiality having been established. Such evidence is clearly "material" as defined in *City of Winter Haven v Tuttle,* 370 So.2d 829 (Fla. 2d DCA 1979) to a case involving DUI. A defendant's refusal to take a blood alcohol test is admissible under Florida Statute 316.1932(1)(a) (1982). cf. *State v Adamson,* 444 So.2d 579 (Fla. 5th DCA 1984) and *South Dakota v Neville,* 458 U.S. 971 (1983).

Finally, appellant urges that the jury verdict of his peers is contrary to the law and the weight of the evidence. It is not the function of the court to revaluate the evidence considered by the jury. *Helman v Seaboard Coast Line Railroad Company,* 349 So.2d 1187 (Fla. 1977). There is substantial competent evidence in the trial record, without consideration of the defendant's statement admitted in violation of the accident record privilege, to sustain the verdict.

For the reasons advanced herein, the verdict is affirmed.

Sturgis, Edwards, JJ., concur.

DONE AND ORDERED in Chambers at Tavares, Lake County, Florida, this 12th day of February, 1985.