ON MOTION FOR REHEARING
PER CURIAM.
We deny appellant’s motion for rehearing; however, we withdraw our opinion of December 30, 1987, and substitute the following revised opinion:
This appeal arises from an action by the appellee/buyer against the appellant/seller for specific performance of a contract for the purchase and sale of real property.
Appellant raises three issues on appeal. The first is whether the trial court erred in awarding sanctions against her for her failure to properly and completely answer certain questions at a deposition.
The record indicates that appellant gave evasive and/or incomplete answers to several questions asked of her at a deposition. Thereafter, appellee filed a “motion for sanctions and motion to compel discoveries,” asking that the trial court order appellant to answer the questions that had been propounded to her, award appellee the costs and expenses for the transcription of the deposition, and grant appellee a reasonable attorney’s fee for the prosecution of the motion to compel.
The court granted the motion for sanctions but made no ruling on the motion to compel. The court did not order appellant to answer the questions asked of her at the deposition, but awarded appellee $315.00 for the cost of the deposition and $1,500 in attorney’s fees. The attorney’s fees award apparently included fees for time spent in pursuit of the deposition as well as time spent in pursuit of the motion to compel and motion for sanctions.
We conclude that no part of the award of fees and costs can be justified under any section of rule 1.380, Florida Rules of Civil Procedure.
Rule 1.380(a)(4) provides for an award of reasonable expenses, including attorney’s fees, incurred in obtaining an order to compel discovery, but only “[i]f the motion [to compel discovery] is granted....” Here, as earlier noted, only the motion for sanctions was granted. The motion to compel discovery was neither granted nor denied.
Rule 1.380(b)(2)(F) provides for an award of reasonable expenses, including attorney’s fees, caused by the failure to obey an order to provide or permit discovery. Here, however, there could have been no failure to obey an order to provide dis *703 covery because no such order was ever entered.
Rule 1.380(d), unlike rule 1.380(b), does not require violation of a direct court order. See Wallraff v. T.G.I. Friday’s, Inc., 490 So.2d 50 (Fla.1986). Rule 1.380(d) is not applicable here, however, because appellant did not fail to appear before the officer who was to take her deposition. Rather, she merely failed to properly and completely answer the questions asked of her. An evasive or incomplete answer at a deposition is treated as a failure to answer for purposes of rule 1.380(a). See 1.380(a)(3), Fla.R.Civ.P. A failure to answer questions at a deposition, however, cannot be treated as a failure to appear at a deposition.
The appellee prematurely filed his motion for sanctions, and the trial court prematurely granted that motion. Appellee’s motion to compel was timely filed, and had that motion been granted, appellee would have been entitled, under rule 1.380(a)(4), to the reasonable expenses incurred in obtaining the order granting that motion. That motion, however, was not granted. Accordingly, no portion of the award of costs and fees was proper.
The second issue is whether the trial court abused its discretion in refusing to vacate or modify a pretrial order. A pretrial conference was held at which the parties stipulated that the appellant would transfer the property pursuant to the terms of the contract and the appellee would waive all claims for damages. An order was entered in accordance with the stipulations. Appellant thereafter moved to vacate and/or amend the pretrial order on the grounds, inter alia, of “newly discovered evidence.”
The evidence alleged to be “newly discovered” was that appellee had breached an addendum to the contract (which addendum was apparently not signed by the buyer) which provided that if the buyer made use of the building on the property, he would pay $3,000 to the seller by January 1982. In her motion to vacate and/or amend, appellant asserted that she had been “surprised” to learn that appellee had been using the subject building for three years, and that appellee had not paid her the $3,000 fee.
In evaluating “newly discovered evidence” when considering a motion for new trial, one of the considerations is whether the evidence could not have been discovered before the trial by the exercise of due diligence. City of Winter Haven v. Tuttle/White Constructors, Inc., 370 So.2d 829 (Fla. 2d DCA 1979). Here, even if it is assumed that the addendum to the contract was valid, appellant made no showing that she could not have discovered appellee’s alleged three-year use of the building before she entered into the pretrial stipulation. The party moving to amend a pretrial order has the burden of showing that a modification is appropriate. Associated Television & Communications, Inc. v. Cowden, 417 So.2d 1027 (Fla. 5th DCA 1982). We conclude that appellant failed to meet this burden and therefore the lower court did not err in denying appellant's motion to vacate and/or amend the pretrial order.
The third issue on appeal concerns appellee’s attorney’s fees. The only issue remaining after the pretrial stipulation was the amount of attorney’s fees to be awarded to appellee pursuant to a contractual provision providing for attorney’s fees for the prevailing party in any litigation arising out of the contract. The appellee was awarded attorney’s fees after two separate hearings on the issue at which both parties presented expert testimony. We find that the record contains substantial competent evidence to support the award of attorney’s fees.
Based on the foregoing we remand for vacation of the order imposing sanctions and correction of the final judgment to reflect a credit to appellant of $1,815.00.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
HERSEY, C.J., and DOWNEY and LETTS, JJ., concur.