BROWNING, J.
This is an appeal from a summary judgment in a paternity action. The dispute centers on whether an amended affidavit of paternity should have been considered by the trial court. We hold that the affidavit should have been considered, or if it was considered that the trial court erred as a matter of law, and thus reverse.
The original affidavit of paternity alleged that sexual relations between the mother and the Appellee in April and May of 1998 resulted in the birth of a child on January 27, 2000. Appellee filed a motion for summary judgment, alleging that a gestation period of 20 months was physically impossible in humans. In an attempt to correct the typographical error, Appellant filed an amended paternity affidavit alleging that sexual relations occurred in April and May of 1999. This amended affidavit was received by Appellee’s counsel the Friday before a Monday hearing, and he objected at that hearing to lack of notice. The trial court granted summary judgment for Appellee.
Appellant admits that the amended affidavit was served late. See Fla. Fam. L.R.P. 12.510, Fla. R. Civ. P. 1.510(c). However, both Florida’s Rules of Civil Procedure and case law permit a trial court, in its discretion, to accept affidavits to supplement other affidavits, even if the supplemental affidavits are late. See Fla. R. Civ. P. 1.510(e); Roberts by and through Drusko v. Abrunzo, 604 So.2d 564 (Fla. 2d DCA 1992). Trial courts need not accept supplemental affidavits that conflict with earlier-filed affidavits from the same party. See International Cmty. Corp.Tampa v. Davis Water and Waste Indus., Inc., 455 So.2d 1164, 1166 (Fla. 2d DCA 1984). However, International Cmty. is not controlling because here Appellant presents a simple, reasonable explanation for the discrepancy, and the change does not affect the relief sought, whereas in International Cmty., the supplemental document relied on different sections of law and used updated financial figures.
It is not clear that the trial court considered the second affidavit. Rule 1.510(e) and the above case law give the trial court discretion to consider the second affidavit. *996 Because the most important consideration in a paternity case is the best interest of the child, the trial court should have considered the second affidavit. See, e.g., Department of Revenue ex rel. R.A.E. v. M.L.S., 756 So.2d 125 (Fla. 2d DCA 2000). Accordingly, if the trial court did not consider that document, the trial court abused its discretion.
If the trial court did consider the second affidavit, it is clear that the trial court erred in granting summary judgment to Appellee, because the second affidavit’s allegations that sexual relations occurred between the mother and the Appellee nine months before the birth of the child allow a reasonable inference of a genuine dispute of material fact, namely, whether Appellee is the father. See Albelo v. Southern Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996), citing Pan Am. Distributing Co. v. Sav-A-Stop, Inc., 124 So.2d 753 (Fla. 1st DCA 1960).
Accordingly, we REVERSE the summary judgment, and REMAND to the trial court for further proceedings.
ALLEN, C.J. and WEBSTER, J., CONCUR.