PER CURIAM.
Appellant Stephen Junda (“Junda”) and Maria Diez (“Diez”) were married on December 27, 1995. Diez filed for dissolution of their marriage on November 30, 1998. On December 3, 1999, the trial court granted Junda’s motion to amend the pleadings to seek an annulment on the ground that Diez, a native of Venezuela, was still married to her husband in that country.
Approximately sixteen months later, on April 12, 2001, a final hearing was held. Because Diez was unable to provide documentary evidence that her Venezuelan marriage had been terminated by divorce, the trial court granted Diez a continuance to allow her 45 days leave to present this evidence. Within the time allowed, Diez filed a document purporting to be evidence of her Venezuelan divorce. The trial court rejected this evidence and entered a final judgment of annulment on July 3, 2001. Diez neither filed a motion for rehearing nor an appeal. Junda then remarried on November 16, 2001.
*458 A year after the final judgment, on July 3, 2002, Diez filed a motion for relief under Florida Rule of Civil Procedure 1.540(b) on the ground that she was in possession of “newly” discovered evidence, i.e., a divorce document certified by an expert witness, a Venezuelan attorney. Diez requested that the court set aside the judgment of annulment. At the November 4, 2002 hearing, the trial court ruled that Diez’s newly discovered evidence was sufficient to set aside the annulment. Without adequate notice to Junda, the trial court immediately proceeded on the merits of the dissolution claim. On December 5, 2002, a final judgment of dissolution was entered.
We agree with Junda’s contention that the trial court’s decision to vacate the annulment and instead grant a dissolution was reversible error. That judgments of trial courts are presumed final is axiomatic in our system of justice. See Bane v. Bane, 775 So.2d 938, 941 (Fla.2000). This finality is eroded by vacating judgments based on a claim of newly discovered evidence, and consequently, this remedy should be seldom granted and only when the party seeking relief has exercised due diligence. See Brown v. McMillian, 737 So.2d 570, 571 (Fla. 1st DCA 1999).
In the instant case, Diez failed to exercise due diligence in obtaining the necessary documentation and is not entitled to relief under Rule 1.540(b). Diez has never claimed that the trial court erred in denying her adequate time to obtain the necessary documentation of her Venezuelan divorce prior to entering the annulment judgment. Instead, Diez argues that evidence of her Venezuelan divorce is “newly” discovered.
The record of the April 12 and November 4 hearings reveal testimony and discussion concerning the inefficiencies of the Venezuelan legal system and the economic hardship that would be imposed upon Diez by a search for the appropriate documentation. Diez was aware both that Venezuela archived documentation of divorces and that some official record of her divorce was available. This is obvious from the record, because Diez originally obtained a decree that was for another couple and later provided the trial judge with a decree that may have been for her marriage, but was entirely unauthenticated. Thus, the existence of the necessary documentary evidence was known to Diez at the time of the initial hearing and cannot logically be deemed to be newly discovered by Diez after the entry of the annulment judgment.
For Diez to claim on the eve of the expiration of the Rule 1.540(b) filing period that evidence of her divorce and related expert testimony was “newly” discovered is disingenuous at best. The vagaries of the Venezuelan legal system and economic hardship do not justify Diez’s failure to exercise due diligence in obtaining evidence she obviously knew existed at the time of the initial hearing in this matter.
Given the length of time the case was pending, the fact that Diez knew of the existence of the necessary documentation before the initial trial, the lack of the exercise of due diligence by Diez, the continuance granted for Diez to obtain the necessary documentation, the failure of Diez to request any additional time, and the rules and precedent of our legal system, we conclude that the trial court abused its discretion in granting Diez’s 1.540(b) motion on the grounds of newly discovered evidence.
REVERSED AND REMANDED FOR RE-ENTRY OF THE FINAL JUDGMENT OF ANNULMENT.
GUNTHER, KLEIN and TAYLOR, JJ., concur.