979 So.2d 337 (2008)
Robert Eric JOHNSTON, Appellant,
v.
Sharron Myers JOHNSTON, n/k/a Sharron Myers, Appellee.
No. 1D07-4364.
District Court of Appeal of Florida, First District.
April 3, 2008.
David C. Hawkins, Tallahassee, for Appellant.
Nancy Jones Gaglio of Jones Gaglio, P.A., Panama City, for Appellee.
THOMAS, J.
Former Husband seeks review of the dismissal of his petition to disestablish paternity *338 and terminate a child support obligation. The petition was filed under section 742.18, Florida Statutes (2006), and was dismissed by the trial court under the authority of Parker v. Parker, 950 So.2d 388 (Fla.2007), and D.F. v. Department of Revenue ex rel. L.F., 823 So.2d 97 (Fla. 2002). We reverse pursuant to the authority of section 742.18, Florida Statutes (2006), enacted by the Legislature during its 2006 session. See ch. 2006-265, § 1, Laws of Fla. This statute creates circumstances under which a male may disestablish paternity or terminate a child support obligation when he receives "newly discovered evidence" demonstrating that he is not the biological father of the child. § 742.18(1)(a), Fla. Stat. (2006).
Here, Former Husband's petition alleges that he has independently verified that he is not the biological father of a child born during the marriage that was dissolved 17 years ago. Former Husband moved to disestablish his paternal obligations under section 742.18, Florida Statutes. The trial court dismissed his petition, finding that under Parker, the parties' final judgment of dissolution of marriage was a final determination of paternity and, as such, relitigation of paternity is barred by res judicata. We note, however, that the supreme court specifically mentioned that Parker does not address the applicability of section 742.18(1)(a) to a situation similar to Former Husband's. Parker, 950 So.2d at n. 5. Thus, it was error for the trial court to apply Parker to Former Husband's petition.
Section 742.18, Fla. Stat. (2006), does not require a petitioner to prove fraud or duress when attempting to disestablish paternity. Rather, the statute clearly establishes the necessary allegations, requisite trial court findings, and conduct that would prohibit disestablishing paternity. §§ 742.18(1)-(3), Fla. Stat. (2006).
We agree with the trial court that the supreme court has previously held that any challenge to a paternity determination must be brought under rule 1.540, Florida Rules of Civil Procedure.[1] We note, however, that the plain language of this new statute demonstrates that the Legislature intentionally created a new cause of action in situations where a father has "newly discovered evidence," rather than allegations of fraud, as previously required.[2] As evidence of this intent, we note subsection (11) of the statute, which states that "[n]othing in this section precludes an individual from seeking relief from a final judgment, decree, order, or proceeding pursuant to Rule 1.540, Florida Rules of Civil Procedure, or from challenging a paternity determination pursuant to s. 742.10(4)." This subsection would be deemed immaterial and redundant had the Legislature meant for this new statute to require that all claims must be brought under rule 1.540. When interpreting the meaning of a statute, the supreme court has stated:

*339 We are required to give effect to "every word, phrase, sentence, and part of the statute, if possible, and words in a statute should not be construed as mere surplusage." Moreover, "a basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless."
Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 198-99 (Fla.2007) (internal citations omitted). We hold that section 742.18 must be interpreted to authorize a male to seek to disestablish paternity without requiring a fraud allegation under rule 1.540.
Although we acknowledge that Former Wife raises questions regarding whether Former Husband's petition meets the statutory requirements, it is clear that the petition was not dismissed due to any such deficiency under section 742.18, Florida Statutes. The trial court has not yet examined Former Husband's claim on the merits. Former Husband should be given the opportunity to prove why his petition qualifies under the statute, and Former Wife may then argue why he should not prevail under the statute.
Accordingly, we REVERSE the trial court's order, and remand with directions for the trial court to analyze Former Husband's claim under the statutory provisions set forth in section 742.18, Florida Statutes (2006).
PADOVANO and LEWIS, JJ., concur.
NOTES
[1] See D.F., 823 So.2d at 100; Anderson v. Anderson, 845 So.2d 870, 871 (Fla.2003).
[2] We have already determined that section 742.18 created a new cause of action for a male to disestablish paternity or terminate a child support obligation. See Dep't of Revenue ex rel. Chambers v. Travis, 971 So.2d 157, 160-61 (Fla. 1st DCA 2007) (finding that a paternity determination could be challenged under section 742.10(4), Florida Statutes, "on the basis of fraud, duress, or material mistake of fact," or under the new statute where "neither fraud nor duress induced the signing of the acknowledgment of paternity" if the statutory requirements were met). Furthermore, "The circuit court must grant relief if it finds each of seven [statutory] requirements is met." Id. (emphasis added).