PER CURIAM.
 

 Appellant, Paul Hooks, appeals from the trial court’s order dismissing his petition to disestablish paternity based on the finding that Appellant failed to include newly discovered evidence with his petition, as required under section 742.18, Florida Statutes (2009). Appellant argues that DNA test results, which showed that he was not the biological father of the child, constituted newly discovered evidence for purposes of section 742.18(1). Because we find that Appellant did not exercise due diligence to discover whether he was the biological father of the child, we affirm the trial court’s order.
 

 On January 2, 2005, Appellee, Laytoya Quaintance, gave birth to a child. At the time of birth, no father was named on the child’s birth certificate. Appellant’s name was added to the child’s birth certificate with his consent on September 21, 2005. Prior to Appellant’s voluntary acknowledgment as the child’s father, Appellee informed Appellant that there was no more than a fifty percent chance that he was the child’s biological father. On the following day, September 22, 2005, Appellant married Appellee. One of Appellant’s reasons for taking these steps included his express desire to provide support to the child by making the child eligible for dependent benefits arising from Appellant’s enlistment in the armed forces. On November 30, 2006, the parties divorced, and without objection by either party, the divorce decree identified the child as the child of their marriage.
 

 On January 3Í, 2010, Appellant filed a petition to disestablish paternity of the child pursuant to section 742.18. Section 742.18 establishes the procedure for disestablishment of paternity and provides in relevant part the following:
 

 (1) The petition [for disestablishment of paternity] must include:
 

 (a) An affidavit executed by the petitioner that newly discovered evidence relating to the paternity of the child has come to the petitioner’s knowledge since
 
 *910
 
 the initial paternity determination or establishment of a child support obligation.
 

 (b) The results of scientific tests that are generally acceptable within the scientific community to show a probability of paternity, administered within 90 days prior to the filing of such petition, which results indicate that the male ordered to pay such child support cannot be the father of the child for whom support is required, or an affidavit executed by the petitioner stating that he did not have access to the child to have scientific testing performed prior to the filing of the petition. A male who suspects he is not the father but does not have access to the child to have scientific testing performed may file a petition requesting the court to order the child to be tested.
 

 Id.
 

 There are seven statutory requirements which must be satisfied to prevail on a petition to disestablish paternity. § 742.18(2). Two of the statutory requirements are at issue in this case. Pursuant to section 742.18(2), a trial court could grant relief on a petition filed in accordance with section 742.18(1) upon a finding that:
 

 (a) Newly discovered evidence relating to the paternity of the child has come to the petitioner’s knowledge since the initial paternity determination or establishment of a child support obligation.
 

 (b) The scientific test required in paragraph (l)(b) was properly conducted.
 

 Id.
 

 In the petition, Appellant asserted that the results of scientific testing (“DNA test results”), which showed that he was not the biological father of the child, constituted newly discovered evidence for purposes of section 742.18(1). Appellee filed a motion to dismiss, arguing that the petition should be dismissed because Appellant failed to comply with the mandatory requirement of section 742.18 that the petition include newly discovered evidence.
 

 The trial court granted Appellee’s motion to dismiss finding that Appellant’s DNA test results were not newly discovered evidence within the meaning of the statute because Appellant was fully aware of the possibility of his non-paternity and of the means to resolve any question he had in that regard. Appellant chose not to undergo DNA testing and proceeded to legitimate the child.
 

 On appeal, Appellant seeks reinstatement of his petition, arguing that the trial court erred as a matter of law in its interpretation of section 742.18. Appellant asserts that the trial court’s interpretation of section 742.18 indicates that no male would be able to disestablish paternity when it has previously been established. Appellant also asserts that DNA test results constitute newly discovered evidence for purposes of section 742.18(1) as a matter of law. As support of his argument, Appellant relies upon the fact that section 742.18 requires filing a petition to disestablish paternity within ninety days from acquisition of DNA test results. Appellant asserts that after expiration of this ninety-day period, DNA test results lose “newly discovered evidence” character. We disagree with Appellant.
 

 We review a trial court’s interpretation of a statute
 
 de novo. Strod v. Lewenstark,
 
 958 So.2d 1188, 1139 (Fla. 4th DCA 2007). In interpreting a statute, “[l]egislative intent guides statutory analysis, and to discern that intent we must look first to the language of the statute and its plain meaning.”
 
 Fla. Dep’t of Children & Family Servs. v. P.E.,
 
 14 So.3d 228, 234 (Fla.2009) (internal citations omitted). “[T]he statute’s text is the most reliable and authoritative expression of the Legislature’s intent.”
 
 Fla. Farm Bureau Cas. Ins. Co. v.
 
 
 *911
 

 Cox,
 
 967 So.2d 815, 820 (Fla.2007) (quoting
 
 V.K.E. v. State,
 
 934 So.2d 1276, 1286 (Fla.2006)). Courts are “without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.”
 
 Holly v. Auld,
 
 450 So.2d 217, 219 (Fla.1984) (emphasis omitted) (quoting
 
 Am. Bankers Life Assurance Co. of Fla. v. Williams,
 
 212 So.2d 777, 778 (Fla. 1st DCA 1968)). Moreover, “the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless.”
 
 State v. Goode,
 
 830 So.2d 817, 824 (Fla.2002). If the meaning of the statute is clear then the court’s task goes no further than applying the plain language of the statute.
 
 GTC, Inc. v. Edgar,
 
 967 So.2d 781, 785 (Fla.2007). Courts give effect to “every word, phrase, sentence, and part of the statute, if possible, and words in a statute should not be construed as mere surplusage.”
 
 Heart of Adoptions, Inc. v. J.A.,
 
 963 So.2d 189, 198-99 (Fla.2007) (internal citations omitted). With these principles in mind, we turn to the statute at issue in this case.
 

 After examination of the text in section 742.18, we find that the plain language in section 742.18 requires a showing of newly discovered evidence in addition to DNA test results indicating that a male is not the father of the child. The statute treats these two requirements as separate. As a result, we interpret the requirement of newly discovered evidence as distinct from the requirement of a DNA test. Therefore, we reject Appellant’s alternative construction and decline to interpret this statute in a way which would render immaterial and redundant the separate references to newly discovered evidence and DNA test results.
 

 Florida Rule of Civil Procedure 1.540(b)(2) provides that newly discovered evidence is evidence that by due diligence could not have been discovered in time to move for a trial or rehearing. Prior to the enactment of section 742.18, the only remedy for males to challenge paternity was to bring an action pursuant to Florida Rule of Civil Procedure 1.540.
 
 See Johnston v. Johnston,
 
 979 So.2d 337, 338 (Fla. 1st DCA 2008). The Florida Legislature clearly borrowed this term from Rule 1.540 and placed it in the language of section 742.18. Courts have stated that rule 1.540(b), however, “does not have as its purpose or intent the reopening of lawsuits to allow parties to state new claims or offer new evidence omitted by oversight or inadvertence.”
 
 Phenion Dev. Grp., Inc. v. Love,
 
 940 So.2d 1179, 1183 (Fla. 5th DCA 2006) (internal citations omitted). The necessary finality of litigation prohibits courts from giving parties a second chance at proof they had available in the first instance but overlooked or chose not to use.
 
 Id.
 
 Relief from judgment based on newly discovered evidence claim should be seldom granted and only when the party seeking relief has exercised due diligence.
 
 Junda v. Diez,
 
 848 So.2d 457, 458 (Fla. 4th DCA 2003).
 

 In this case, Appellant has provided no newly discovered evidence as defined by statute. It is undisputed that at the time Appellant voluntarily acknowledged paternity, he was well aware of the fact that there was only a fifty percent chance that he was the biological father, and he admitted that he chose not to have a DNA test. Appellant could have discovered whether he was the biological father in 2005 before he voluntarily acknowledged paternity. However, since he chose not to do so, he did not exercise due diligence to discover whether he was the biological father. Thus, the trial court correctly found
 
 *912
 
 that Appellant’s current DNA test results were not newly discovered evidence.
 

 Accordingly, we affirm the trial court’s order.
 

 WOLF, LEWIS, and RAY, JJ., concur.