PER CURIAM.
We conclude that the trial court erred in denying the appellant’s petition to disestablish paternity. He proved by un-rebutted scientific evidence that he was not the biological father of the two children born during his marriage to the ap-pellee. Consequently, he has no enforceable legal obligation to make child support payments to the appellee. See Daniel v. Daniel, 695 So.2d 1253 (Fla.1997). We share the trial court’s concern regarding the legitimacy of the children, but legitimacy and paternity are distinct concepts. A child born during the course of a valid marriage is legitimate even if a paternity test conclusively establishes that the husband or former husband is not the biological father. See Daniel; Ferradaz v. Ortiz, 754 So.2d 867 (Fla. 3d DCA 2000).
For these reasons, we reverse with instructions to enter a new final judgment of dissolution that reflects that the appellant is not the father of the children. The new judgment must contain no provision impos- ■ ing a legal obligation on the appellant to make child support payments to his former spouse for the one child who is still a minor. Both of the children retain their status as legitimate children.
Reversed.
BENTON, C.J., PADOVANO, and ROBERTS, JJ., Concur.