VAN NORTWICK, JR., J.
M.D.C. appeals the trial court’s order dismissing with prejudice his amended petition for termination of parental rights and for adoption of an adult. Because we conclude that the trial court erred in ruling that this action was not authorized by section 63.042(2)(c), Florida Statutes (2012), we reverse and remand for further proceedings.
The amended petition alleged that B.N.M.J., the adoptee and appellee, is the biological child of M.D.C. and K.M.J. (the mother); that M.D.C. voluntarily and formally terminated his parental rights years ago when the mother married G.L.J., the step-father; and that the step-father adopted B.N.M.J. According to the amended petition, the mother and the step-father have since divorced; the stepfather has no parent-child relationship with B.N.M.J.; M.D.C. and B.N.M.J. have reestablished a healthy parent-child relationship; and M.D.C. wishes B.N.M.J. to have the same rights as his other children.
The amended petition included a consent of the adoptee, executed by B.N.M.J., and a consent and waiver of parent, executed by the step-father. The amended petition alleged that M.D.C. is currently married to T.C., who supports the adoption but is not listed as a party because B.N.M.J.’s biological mother will continue as the child’s legal mother. The mother likewise consented to the proposed adoption. The amended petition lastly asserted that M.D.C. had satisfied the statutory pleading and service requirements.
The trial court dismissed the amended petition, ruling that “[ujnder the current state of the law, this action is not authorized.” The trial court reasoned that “the plain language of [section 63.042(2)(c) ], especially when taken in context with the remainder of the language in the section, contemplates a married person adopting as a single individual. It does not describe a situation where a married person adopts a child with another married person who is not his or her spouse.” The trial court observed that public policy was in favor of allowing B.N.M.J.’s biological parents to serve as her legal parents, but the statute does not have an exception to enable that to occur in this situation. This appeal followed.
We apply a de novo standard to review a trial court’s interpretation of a statute. Hooks v. Quaintance, 71 So.3d 908, 910 (Fla. 1st DCA 2011). Legislative intent is the touchstone of statutory analysis; in determining the legislature’s intent courts should initially look to the plain meaning of a statute’s text. Id. “Courts are without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications ... If the meaning of the statute is clear then the court’s task goes no further than applying the plain language of the statute.” Id. at 911 (citation and quotation omitted).
Under Florida law, “[a]ny person, a minor or adult, may be adopted.” § 63.042(1), Fla. Stat. (2012). The statutorily enumerated list of those who may adopt includes:
(a) A husband and wife jointly;
(b) An unmarried adult; or
(c) A married person without the other spouse joining as a petitioner, if the person to be adopted is not his or her spouse, and if:
1. The other spouse is a parent of the person to be adopted and consents to the adoption; or
*491 2. The failure of the other spouse to join in the petition or to consent to the adoption is excused by the court for good cause shown or in the best interest of the child.
§ 63.042(2).
Here, B.N.M.J. is clearly eligible for adoption. M.D.C. is not precluded from seeking to adopt B.N.M.J. because he previously terminated his parental rights to her. Stefanos v. Rivera-Berrios, 673 So.2d 12, 13 (Fla.1996), reh’g denied (“[A] parent whose parental rights have been terminated is not precluded from establishing new rights to his or her child through independent adoption proceedings.”).
M.D.C. is a married person whose spouse is not joining the petition for adoption. M.D.C. explained in his amended petition that his present spouse was not joining in the adoption petition because B.N.MJ.’s biological mother would continue to fulfill the role of legal mother. If the amended petition were granted, the end result would be that B.N.MJ.’s biological parents would also be her legal parents, a circumstance which the trial court recognized to be supported by public policy.
The trial court, on its own initiative, dismissed M.D.C.’s amended petition because it found that the statute did not envision the adoption contemplated here and that no exception existed to relieve M.D.C. from the strictures of the statute. M.D.C. appears, however, at least facially, to qualify as a person who may adopt under the plain language of section 63.042(2)(c)2. Thus, no exception to the statutory mandate would be required to enable M.D.C. to adopt, or at least to proceed to an evidentiary hearing in which he would be given the opportunity either to show good cause why his present spouse did not join the adoption petition or to show that the adoption is in B.N.M.J.’s best interest.
By holding that an exception is necessary to allow M.D.C. to go forward in this action, the trial court impermissibly construed the statute to require something of M.D.C. that was not included in the plain language utilized by the legislature. See Hooks, 71 So.3d at 911. The trial court never made a ruling or conducted an evi-dentiary hearing on the issues of whether M.D.C. had established good cause for not joining his spouse in the petition or whether the adoption is in the best interests of B.N.M.J. Under the statute, the failure of M.D.C.’s spouse to join in the adoption is not fatal. The statute clearly provides that, if the married adopter does not join his or her spouse in the action, the presiding trial court may find that the failure to join is for good cause or in the best interests of the child, and allow the adoption to proceed.
Accordingly, we REVERSE the trial court’s order of dismissal and REMAND with instructions for the trial court to reinstate the amended petition and conduct an evidentiary hearing to determine, pursuant to section 63.042(2)(c)2., Florida Statutes, whether good cause exists as to why M.D.C.’s spouse is not joined in the amended petition, or whether the non-join-der of M.D.C.’s spouse is in B.N.M.J.’s best interest.
MARSTILLER and RAY, JJ., concur.