IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CHRISTOPHER SHERIDAN,

     Appellant,

v.

SAMANTHA K. RENNHACK,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5731

Opinion filed October 4, 2016.

An appeal from the Circuit Court for Duval County.
Hugh A. Carithers, Judge.

Cindy L. Lasky, Jacksonville, for Appellant.

Michael M. Giel of J. Demere Mason, P.A., Jacksonville, for Appellee.


BILBREY, J.

Appellant challenges on appeal the circuit court's final judgment, based on the summary judgment against him and in favor of Appellee, on Appellant's petition to disestablish paternity pursuant to section 742.18, Florida Statutes (2014). Because the summary judgment was erroneously entered, the final judgment against Appellant and the summary judgment are reversed and this cause remanded for further proceedings. See Fla. R. App. P. 9.110(h) & (l).

The standard of review applicable to orders on summary judgment is de novo. Lander v. Smith, 906 So. 2d 1130, 1132 (Fla. 4th DCA 2005). A summary judgment must be reversed if there is evidence before the court which supports "a reasonable inference of a genuine dispute of material fact." State, Dep't of Revenue v. Fackler, 843 So. 2d 994, 996 (Fla. 1st DCA 2003). "On a motion for summary judgment the trial court is not authorized to try or weigh facts." Jones v. Stoutenburgh, 91 So. 2d 299, 302 (Fla. 1956). Likewise, the trial court may not consider "either the weight of conflicting evidence or the credibility of the witnesses in determining whether there exists a genuine issue of a material fact." Crepaldi v. Wagner, 132 So. 2d 222, 226 (Fla. 1st DCA 1961); see also White v. Francis, 522 So. 2d 946, 948 (Fla. 1st DCA 1988).

In this case, a final judgment of paternity was entered on October 6, 2014. The court found that the parents were never married and that Appellant was the "legal and biological father of the minor child." Under the final judgment, Appellant was ordered to pay monthly child support. Appellant did not contest his biological relationship to the child during the paternity proceedings and he did not appeal the final judgment.

On January 11, 2015, Appellant filed his motion to set aside the final judgment, pursuant to rule 1.540(b)(3), Florida Rules of Civil Procedure. He alleged that the final judgment was the product of fraud or misrepresentation by the

2

mother throughout the paternity proceedings because she had maintained that Appellant was the father of this child.  In his motion to set aside, Appellant alleged that he had assumed he was the father of the child based on the mother's statements, but after the final judgment was entered, the mother made contrary statements causing Appellant to doubt his previous assumption.  In order to resolve his doubts, Appellant obtained a DNA test and received the results on January 5, 2015.  The test indicated a 0% probability that Appellant was the father of the child.  The motion did not describe the DNA results as "newly discovered evidence" or refer to rule 1.540(b)(2).

In its order entered February 20, 2015, the circuit court denied Appellant's motion to set aside the final judgment.  The court ruled that Appellant had "not met his burden of proving facts necessary to set aside the Final Judgment, pursuant to Fla. R. Civ. P. 1.540."  The order did not specify any other facts found or law applied.  If any transcript of a hearing on the motion was prepared, it is not located in the record.

On March 3, 2015, Appellant filed his petition to disestablish paternity, pursuant to section 742.18, Florida Statutes.  Consistent with the facts he had alleged in his motion for relief from judgment, Appellant repeated in the petition that based on post-final judgment comments by the mother, Appellant began to doubt his paternity and sought to resolve any doubts by obtaining the DNA

3

analysis. However, unlike his motion to set aside the final judgment of paternity, Appellant did not challenge the final judgment of paternity as the product of fraud or misrepresentations, but rather alleged in the petition that newly discovered evidence had come to his knowledge since the final judgment of paternity and child support determination. § 742.18(1)(a), Fla. Stat.

In her response to Appellant's petition to disestablish paternity, the mother denied Appellant's allegations that he had discovered new evidence and that he was current with his child support payments. Accordingly, these facts under section 742.18 were disputed facts. See Lacombe v. Deutsche Bank Nat'l Trust Co., 149 So. 3d 152, 154 (Fla. 1st DCA 2014) (borrower's denial of Bank's allegation that it had standing to foreclose made this element of the cause of action a material fact in dispute); Fatherly v. California Fed. Bank, FSB, 703 So. 2d 1101 (Fla. 2d DCA 1997) (reversing summary judgment where defendant's answer denied material factual allegation in complaint, thus creating disputed issue of material fact).

In her motion for summary judgment on Appellant's petition to disestablish paternity, the mother alleged that Appellant had admitted that he was the father of the child in his answer to the original paternity petition and that he chose not to undergo paternity testing prior to the entry of the final judgment of paternity. The mother asserted that the DNA report advanced by Appellant was inadmissible as

4

evidence and did not qualify as "newly discovered evidence" because Appellant could have discovered this information prior to the entry of the final judgment. The mother relied on rule 1.540(b)(2), Florida Rules of Civil Procedure, and Hooks v. Quaintance, 71 So. 3d 908 (Fla. 1st DCA 2011), for her position that there was no pending genuine dispute of material fact and that she was entitled to summary judgment on the petition to disestablish paternity as a matter of law.

At the hearing on the mother's motion for summary judgment, neither party submitted "summary judgment evidence" or testimony, but relied on the court file as of that date. The transcript of the hearing shows that the trial court considered the arguments of counsel and concluded that its earlier order denying Appellant's motion for relief from judgment settled the fact issues regarding statements by the mother. Despite Appellant's counsel's argument that the prior proceedings under rule 1.540(b)(3) differed from the statutory cause of action under section 742.18, the court concluded that the mother was entitled to judgment as a matter of law under Hooks. Neither the order granting the mother's motion for summary judgment nor the final judgment entered thereafter specified any findings of fact or citations to legal authority.

Based on our review of the record on appeal, summary judgment was erroneous because there remained genuine issues of material fact raised by Appellant's petition to disestablish paternity. Appellant's previous motion for

5

relief from judgment did not allege "newly discovered evidence" under rule 1.540(b)(2), and the trial court's denial of Appellant's motion for relief from judgment did not address any issues of material fact pertaining to "newly discovered evidence," under either rule 1.540(b)(2) or section 742.18.

Disestablishment of paternity is a separate action from a motion for relief from judgment due to fraud or misrepresentation, and the material facts necessary to establish the elements are not the same. This Court has previously recognized that prior to the 2006 enactment of section 742.18, the Florida Supreme Court held that "any challenge to a paternity determination must be brought under rule 1.540, Florida Rules of Civil Procedure." Johnston v. Johnston, 979 So. 2d 337, 338 (Fla. 1st DCA 2008). Upon the enactment of section 742.18 in 2006, "the Legislature intentionally created a new cause of action in situations where a father has 'newly discovered evidence,' rather than the allegations of fraud, as previously required." Id.

In general, the elements of fraud are: 1) a false statement concerning a specific material fact; 2) the maker's knowledge that the representation is false; 3) an intention that the representation induces another's reliance; and 4) consequent injury by the other party acting in reliance on the representation. Wadlington v. Continental Med. Servs., Inc., 907 So. 2d 631, 632 (Fla. 4th DCA 2005) (citations omitted). A mother's "misrepresentation concerning paternity during the

6

dissolution of marriage proceedings constitutes intrinsic fraud" which must be raised within the one-year time limit under rule 1.540(b). Parker v. Parker, 950 So. 2d 388, 393 (Fla. 2007).

The material facts required to disestablish paternity under section 742.18 are set out in that statute. Fraud and misrepresentation prior to the paternity determination are not listed as grounds under section 742.18. A ruling by the trial court that the mother did not commit fraud prior to a final judgment of paternity, as presented here by the trial court's denial of Appellant's motion for relief from judgment, is not a ruling on any "newly discovered evidence" as described in section 742.18(1)(a), Florida Statutes.

Secondly, the trial court's conclusion at the hearing on the motion for summary judgment that it was bound to rule against Appellant under the ruling in Hooks was an overbroad application of that opinion. In Hooks, this Court held that the "newly discovered evidence" under the statute required the exercise of due diligence by the petitioner similar to the diligence due for such evidence advanced in a motion under rule 1.540(b)(2). Hooks, 71 So. 3d at 911. Accordingly, DNA evidence asserted after a final judgment of paternity must be supported by additional evidence to explain the timing of its discovery and other indicia of due diligence. Upon such evidence, the trial court is then able to determine whether or not the legal father seeking to disestablish paternity exercised the requisite

7

diligence needed to disturb the previous judgment.

Under the facts in <u>Hooks</u>, this Court found a lack of such diligence where the petitioner was aware of uncertainty of his paternity from the outset, yet even with this knowledge, voluntarily added his name to the child's birth certificate, married the mother after the birth of the child, and supported the child as his dependent for years, even after the marriage to the mother was dissolved. The petitioner in <u>Hooks</u> obtained his DNA results based on nothing "newly discovered." In contrast, the Second District Court of Appeal reversed a denial of a petition to disestablish paternity in <u>P.G. v. E.W.</u>, 75 So. 3d 777 (Fla. 2d DCA 2011), where a former husband knew the mother had "dated other gentlemen" during a troubled time in their relationship. However, when the mother learned she was pregnant, the parties reconciled, the man signed the birth certificate as the father, married the mother two years later, and continued to support the child as his dependent for several years following the dissolution of the marriage. <u>Id.</u> at 778. The Second District Court of Appeals ruled that the facts demonstrated due diligence by the petitioner in obtaining the DNA evidence. <u>Id.</u> at 781-82.

Any conflict in the rulings on the facts presented in <u>Hooks</u> as contrasted with the facts in <u>P.G.</u> is inapposite here. Unlike in <u>Hooks</u> or <u>P.G.</u>, Appellant petitioned to disestablish paternity less than five months after the final judgment of paternity. His diligence in seeking and obtaining DNA evidence as soon as he became aware

that his paternity might be in doubt is not comparable to the facts of the timing in either the Hooks or P.G. cases. The facts as to how and when he first doubted his biological relationship with the child and whether he diligently took action afterwards are genuinely disputed issues of material fact which require reversal of the final judgment and the summary judgment upon which it is based.

Accordingly, the final judgment and summary judgment for Appellee are each reversed and this cause remanded for further proceedings.

REVERSED and REMANDED.

LEWIS and WINOKUR, JJ., CONCUR.