IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3981

SCOTT CLEVELAND AND
STEPHANIE CLEVELAND,

    Appellants,

v.

CROWN FINANCIAL, LLC,

    Appellee.

_____/

Opinion filed March 1, 2017.

An appeal from the Circuit Court for Walton County.
David W. Green, Judge.

Jeffrey U. Beaverstock and Daniel L. Burkard of Burr & Forman, LLP, Mobile, AL, for Appellants.

Robert J. Powell of Clark Partington, Pensacola, for Appellee.

LEWIS, J.

    Appellants, Scott and Stephanie Cleveland, appeal the trial court's Order

Granting New Trial and Relief from Judgment, arguing that the court erred by

granting a new trial based on newly discovered evidence upon finding that the evidence could not have been discovered by the exercise of due diligence. For the following reasons, we agree with Appellants and, therefore, reverse the trial court's order.

## Background

In June 2013, Appellee, Crown Financial, LLC, filed against Appellants a Mortgage Foreclosure Complaint, alleging that the parties executed in March 2010 a Mortgage and a Profit Sharing Agreement that conveyed to Appellee the subject property, Appellants were in default, and Appellee was entitled to foreclosure on the property and to $418,972.22 in principal pursuant to those documents. At the non-jury trial, Chad Tribe, a member and manager of Appellee, testified in part that his responsibilities included reviewing the records relating to the Profit Sharing Agreement and Mortgage to determine the amounts owed and that he had reviewed the records the day before trial. Tribe testified that while the Profit Sharing Agreement limited the outstanding advances to $300,000, Appellee increased the loan advance to $500,000. When asked if the Profit Sharing Agreement was amended to reflect the increased advance, Tribe responded, "I do not recall. I did not see a document in file, though, that stated that," and he testified that there was no document before the trial court that memorialized the increase in advances.

The parties disputed the amount of the loans that was secured. Appellee contended that the future advances clause of the Mortgage secured anything over $300,000 up to $600,000, while Appellants argued that the Profit Sharing Agreement secured advances only up to $300,000 and "if anything, the language in the mortgage itself is conflicting," with the former controlling. In its Final Judgment, the trial court determined that Appellee was entitled to $419,069.64 in principal, thereby implicitly agreeing with Appellee on the issue. On appeal, we reversed and remanded for the recalculation of Appellants' indebtedness upon concluding that the Profit Sharing Agreement was controlling and limited the secured advances to $300,000, and we noted that "the Agreement, which provided that the Mortgage at issue would secure Appellants' obligations, was not amended to reflect a $500,000 maximum advance amount." See Cleveland v. Crown Fin., LLC, 183 So. 3d 1206, 1210 (Fla. 1st DCA 2016).

On remand, the trial court entered an Amended Final Judgment pursuant to this Court's mandate. Appellee then filed an "Amended and Restated Motion for Relief/Motion for New Trial" "from the amended final judgment pursuant to F.R.C.P. 1.540," wherein it asserted in part as follows:

> 5. Subsequent to the trial, due to excusable neglect and newly discovered evidence, it was revealed that the parties did indeed enter into a written agreement for an additional advance for an amount not to exceed $500,000.00 for this transaction. . . .
> 6. This evidence was something that was lost/misplaced and forgotten due to simple human error. In and of itself, it is critical

3

evidence in this matter and simply because of human error, it was not discovered or remembered until after the trial. . . .

7.    The document was apparently in another file or a sea of documents and merely overlooked and forgotten.

[8].    As a result, Plaintiff request[s] relief in the manner of a New Trial in light of the new evidence.

The alleged newly discovered evidence was an Agreement for Additional Advance, which was dated September 2010, was signed by Chad Tribe and Appellant Scott Cleveland, and stated in part, "Pursuant to the Profit Sharing Agreement between the parties . . ., 'the aggregate amount outstanding at any one time shall never exceed the sum of $300,000.00.' Crown agrees to increase this amount to $500,000.00 for this one-time transaction that is currently booked."  In support of Appellee's motion, Tribe submitted an affidavit, attesting in part that "[t]he agreement for additional advance was not located in the file maintained by [Appellee], but a copy was subsequently located in the possession of the broker"[1] and "[i]n its most simple terms, I made a simple human error mistake regarding an important document."

Appellants opposed the motion, arguing that the Agreement for Additional Advance did not constitute newly discovered evidence because Appellee failed to establish that it could not have timely discovered it by due diligence and it was merely forgotten evidence newly remembered.  The trial court entered an Order

---

[1] During trial, Tribe testified that most of the communication between the parties had gone through a broker who introduced Appellee to Appellant Scott Cleveland.

4

Granting New Trial and Relief from Judgment, wherein it granted "[Appellee's] motion for new trial and alternatively, its motion for relief from judgment" upon finding that "[the Agreement for Additional Advance], located after the trial in the hands of the plaintiff's broker, constitutes new evidence discovered after the trial that could not have been discovered before the trial by exercise of due diligence . . . ." This appeal followed.

**Analysis**

"'The importance of finality in any justice system . . . cannot be understated. It has long been recognized that, for several reasons, litigation must, at some point, come to an end.'" Balmoral Condo. Ass'n v. Grimaldi, 107 So. 3d 1149, 1151 (Fla. 3d DCA 2013) (quoting Witt v. State, 387 So. 2d 922 (Fla. 1980)). "Reflecting a balance between the need for finality and the interest of allowing appropriate corrections to final orders, rules 1.530 and 1.540 [of the Florida Rules of Civil Procedure] provide two very different approaches for judges to revisit final judgments." Id. A trial court's ruling on a rule 1.540 motion is reviewed for an abuse of discretion. Travelers Commercial Ins. Co. v. Harrington, 187 So. 3d 879, 884 (Fla. 1st DCA 2016); see also Leach v. Salehpour, 19 So. 3d 342, 344 (Fla. 2d DCA 2009) (explaining the same and that a ruling on a rule 1.530 motion is likewise reviewed for an abuse of direction, unless it involves a pure question of law).

5

Florida Rule of Civil Procedure 1.540(b) provides in relevant part that pursuant to a timely filed motion, a trial court may relieve a party from a final judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing." "[R]ule 1.540(b), however, 'does not have as its purpose or intent the reopening of lawsuits to allow parties to state new claims or offer new evidence omitted by oversight or inadvertence.'" Hooks v. Quaintance, 71 So. 3d 908, 911 (Fla. 1st DCA 2011) (citation omitted). "The necessary finality of litigation prohibits courts from giving parties a second chance at proof they had available in the first instance but overlooked or chose not to use." Id. "Relief from judgment based on newly discovered evidence claim should be seldom granted and only when the party seeking relief has exercised due diligence." Id. "It is the movant's burden under rule 1.540(b) to establish the exercise of due diligence. It is not sufficient to merely show that the evidence was not known or discovered by counsel prior to trial. Rather, the movant must make his or her vigilance apparent." Brown v. McMillian, 737 So. 2d 570, 571 (Fla. 1st DCA 1999); see also Junda v. Diez, 848 So. 2d 457, 458 (Fla. 4th DCA 2003) (explaining that relief from judgment based on newly discovered evidence should be granted seldom and only when the party seeking relief exercised due diligence, and concluding that the trial court abused its discretion by granting the appellee's 1.540(b) motion based on newly discovered evidence "[g]iven the

6

length of time the case was pending, the fact that [appellee] knew of the existence of the necessary documentation before the initial trial, the lack of the exercise of due diligence by [appellee]").

Florida Rule of Civil Procedure 1.530(a) states in pertinent part that "[o]n a motion for a rehearing of matters heard without a jury . . ., the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment." A newly discovered evidence claim may also be the basis for relief pursuant to rule 1.530, but a rehearing or new trial based on newly discovered evidence is warranted only where the evidence was discovered after the trial and could not have been discovered before the trial by the exercise of due diligence. Mistretta v. Mistretta, 31 So. 3d 206, 208 (Fla. 1st DCA 2010). Forgotten evidence does not constitute newly discovered evidence. See Resort of Indian Spring, Inc. v. Indian Spring Country Club, Inc., 747 So. 2d 974, 978 (Fla. 4th DCA 1999) (involving a rule 1.530 motion); Holmes v. Holmes, 578 So. 2d 323, 325 (Fla. 4th DCA 1991) (entailing a rule 1.540 motion).

Further, courts generally do not provide parties with an opportunity to retry their case upon a failure of proof. Correa v. U.S. Bank N.A., 118 So. 3d 952, 956 (Fla. 2d DCA 2013) (citing cases refusing to give a party a second bite at the apple and concluding, "Counsel for U.S. Bank should have been fully aware of its burden to reestablish the lost note and fully prepared to meet that burden, yet it made

7

minimal effort to address this issue even after prodding by the trial court. There is simply no reason to afford it a second opportunity to prove its case"); see also Allard v. Al-Nayem Int'l, Inc., 59 So. 3d 198, 202 (Fla. 2d DCA 2011) (stating that a party's failure to prove damages is an improper ground for rehearing because "'[r]ehearing is not intended as a device to present additional evidence that was available, although not presented, at the original trial,'" and concluding that the trial court improperly granted the appellee's motion for rehearing where "[the appellee] persisted that its interpretation of *Burton* was the only correct measure of damages, despite considerable debate below about the correct measure of damages and [the appellant's] argument that improvements must be considered. [The appellee] 'consciously elected to proceed upon . . . what was ultimately determined to be an invalid theory of damages'"). Cf. Gulf Eagle, LLC v. Park E. Dev., Ltd., 196 So. 3d 476, 477 (Fla. 2d DCA 2016) (explaining that in order to reopen a case, a party must generally establish that the presentation of the evidence will not unfairly prejudice the opposing party and the reopening will serve the best interests of justice, and reversing the order vacating a deficiency judgment that had been entered against the appellees following a bench trial upon concluding that both factors were met where the trial court improperly denied the appellees' motion for directed verdict based on an incorrect finding, as a result of which the appellant could not move for a rehearing

8

to present additional evidence, and emphasizing that the appellant could not be penalized for its good faith reliance on the trial court's ruling).

Turning to the case before us, the trial court granted Appellee's rule 1.540 motion upon finding that the Agreement for Additional Advance constitutes newly discovered evidence that could not have been discovered before the trial with the exercise of due diligence. As Appellants argue, however, Appellee failed to meet its burden of establishing that it could not have discovered the document with the exercise of due diligence. In fact, Appellee did not present any evidence of—or even allege—its exercise of due diligence and instead claimed only that the document was "lost/misplaced and forgotten due to simple human error"/"merely overlooked and forgotten." As such, the Agreement for Additional Advance does not constitute newly discovered evidence, and the trial court abused its discretion in finding otherwise.

Apparently recognizing the trial court's error, Appellee does not dispute Appellants' contention and instead argues that we should affirm pursuant to the tipsy coachman doctrine.[2] Appellee claims that its motion should be construed as seeking relief under rule 1.530 and the granting of relief pursuant to that rule was required

---

[2] The tipsy coachman doctrine allows an appellate court to affirm a trial court that reaches the right result for the wrong reasons if there is any basis in the record that would support the judgment. Robertson v. State, 829 So. 2d 901, 906 (Fla. 2002).

because it does not result in any undue prejudice to Appellants, it promotes the interests of justice, and it avoids an inequitable windfall to Appellants. Appellee primarily relies on Gulf Eagle, LLC in support of its argument, but that reliance is misplaced. Even if Appellee's motion is construed as seeking relief under rule 1.530, the fact remains that the trial court's granting of relief was based upon its erroneous finding that the Agreement for Additional Advance constitutes newly discovered evidence. Additionally, unlike in Gulf Eagle, LLC, Appellee was not relying on an erroneous ruling by the trial court, but upon its own strategy that proved to be unsuccessful. Appellee made a strategic decision in arguing throughout the proceeding, until the conclusion of the first appeal, that any advance over $300,000 was secured by the future advances clause of the Mortgage. When this Court rejected Appellee's theory and remanded for the recalculation of Appellants' indebtedness, Appellee changed course of action and sought the trial court's consideration of the Agreement for Additional Advance to prove that its entitlement was not capped at $300,000. Appellee even admits such a change in strategy by arguing on appeal as follows:

> [Appellee] filed this foreclosure action with the mistaken belief that there was no agreement amending the maximum credit limitation clause in the Profit Sharing Agreement. And [Appellee] concluded such agreement would be unnecessary for the Trial Court to consider anyway for various legal reasons including that the Mortgage secures additional advances from [Appellee] up to a maximum of twice the principal amount of debt originally loaned. . . Once this Court reversed the Trial Court in *Cleveland*—disapproving [Appellee's] reliance on the future

10

advance clause in the Mortgage to secure amounts exceeding $300,000.00—it became necessary for [Appellee] to establish that the parties amended the maximum limitation clause in the Profit Sharing Agreement, written evidence of which [Appellee] had fortunately discovered after trial.

Appellee chose to rely on that strategy even though the amount of loans secured was in dispute, Appellants disagreed with its interpretation of the Profit Sharing Agreement and Mortgage, and Tribe—the same person who in 2010 signed the newly offered document—was asked at trial about any amendments to the Profit Sharing Agreement to reflect the increased advance. Given such, contrary to Appellee's argument, the reopening of the case would not serve the best interests of justice and would provide Appellee with the type of second opportunity to prove its case that is condemned by the courts.

## Conclusion

For the foregoing reasons, we reverse the trial court's Order Granting New Trial and Relief from Judgment.

REVERSED.

WOLF and WETHERELL, JJ., CONCUR.

11