DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**L.G.,** the Father,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D17-2004

[ October 11, 2017 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Stacey Schulman, Judge; L.T. Case No. 11-3594 DP.

Lori D. Shelby of Law Office of Lori D. Shelby, Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Carolyn Schwarz, Assistant Attorney General, Fort Lauderdale, for appellee.

**ON CONFESSION OF ERROR**

TAYLOR, J.

L.G., the legal father of a dependent child, appeals an order denying his petition to disestablish paternity under section 742.18, Florida Statutes (2016). L.G. was never married to the mother, but he acknowledged paternity on the child's birth certificate. During the dependency proceedings, L.G. petitioned to disestablish paternity based on newly discovered evidence—namely, a recent DNA test showing that he was not the biological father of the child. However, the trial court denied the petition, ruling that it could not disestablish paternity unless another putative father was willing to "step in" and establish paternity. We accept the Department's confession of error and reverse.

The trial court's ruling was based upon *Department of Health and Rehabilitative Services v. Privette*, 617 So. 2d 305 (Fla. 1993). In *Privette*, our supreme court held that before a blood test can be ordered to determine paternity in cases where the child is born legitimate, the trial court must find that the child's best interests will be better served by the

blood test "even if the blood test later proves the child's factual illegitimacy." *Id.* at 307–08. As the supreme court later explained, "*Privette* addressed a case of contested paternity involving blood tests, and its application is limited to those instances where a child faces the threat of being declared illegitimate, and the 'legal father' also faces the threat of losing parental rights which he seeks to maintain." *Daniel v. Daniel*, 695 So. 2d 1253, 1255 (Fla. 1997).

In 2006, however, after *Privette*, the legislature enacted section 742.18, Florida Statutes. *See* Ch. 2006–265, § 1, Laws of Fla.; *see also Drouin v. Stuber*, 168 So. 3d 305, 307 (Fla. 4th DCA 2015) (recognizing the 2006 legislative change). By enacting this statute, "the legislature provided that even after paternity has been established and the father-child relationship has been fostered, there is a mechanism by which a man may disestablish his paternity and avoid further obligation to support the child." *P.G. v. E.W.*, 75 So. 3d 777, 783 (Fla. 2d DCA 2011).

Here, the trial court erred in ruling that another putative father must be willing to establish paternity before appellant's petition for disestablishment of paternity could be granted. Section 742.18 contains no such requirement.

As noted above, *Privette* was decided prior to the enactment of section 742.18. To the extent *Privette* was not superseded by section 742.18, it has no application to these facts. A *Privette* "best interests" inquiry applies only in contested cases where a child faces the threat of being declared illegitimate and the legal father also faces the threat of losing parental rights which he seeks to maintain. Neither situation applies here. In the instant case, the child does not face the threat of losing legitimacy (as the child was not born legitimate), and the legal father does not seek to maintain his parental rights.

Accordingly, we reverse the order denying the petition and remand for further proceedings. If the trial court finds on remand that all of the requirements for disestablishing paternity under section 742.18 are satisfied, the trial court shall grant relief on the petition.

*Reversed and Remanded.*

GERBER, C.J., and WARNER, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2